■ In the Matter of BRENTWOOD UNION FREE SCHOOL DISTRICT, Appellant, v GORDON AMBACH, as Commissioner of the State of New York Department of Education, et al., Respondents.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court at Special Term (Cobb, J.), entered February 13, 1985 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Education holding petitioner responsible for the educational expenses of a special education student.

From September 1981 to June 1982, Juan Carlos Cruz, then age nine, resided with his mother and attended school in petitioner district. In July of 1982, Juan's mother surrendered him for a second time into the care of respondent Anita Romano, Suffolk County Commissioner of Social Services, who in turn placed him in foster care. Juan had previously been placed in Romano's care in January 1980. In May of 1983, Juan was placed in a child-care institution. When petitioner denied responsibility for the child, Romano appealed to respondent Commissioner of Education (Commissioner) who, in a decision dated April 30, 1984, concluded that petitioner, as the school district of origin, was obliged to financially reimburse the State for its share of the cost of Juan's care (see, Education Law § 4004 [2] [a]). Special Term's dismissal of petitioner's CPLR article 78 petition contesting that determination generated this appeal. We affirm.

The only issues worthy of mention relate to the Commissioner's construction of Education Law § 4004 (2) (a) and whether the Commissioner's decision is supported by substantial evidence. Education Law § 4004 (2) (a) directs "[t]he school district in which the child resided at the time a social services district * * * assumed responsibility for the support and maintenance of the child * * * [to] reimburse the state towards the state's expenditure on behalf of such child". Petitioner interprets this language as meaning that the school district where the child *first* became subject to the jurisdiction of a social services agency is the district of origin and any later placement of the child with the Department of Social Services is irrelevant. If this interpretation is adopted, petitioner would not be required to bear the cost of Juan's care for he had resided in another school district (Bay Shore) at the time he was first placed in Romano's custody in January 1980 to July 1981.

The Commissioner rejected petitioner's reading of the statute and held that when a child is returned to the custody of his parents and then subsequently replaced with the Department of Social Services, the financial burden of such care falls on the school district in which the child resided at the time of replacement, regardless of his residence at the time of any earlier placement. We find the Commissioner's explanation rational and unassailable; not only does it comport with the clear language of the statute, but it has practical appeal for it relieves a school district of the responsibility of underwriting the expenses of a subsequently relocated child with whom the district may not have had any contact for years.

Petitioner's challenge to the merits of the Commissioner's decision, i.e., that substantial evidence is lacking, is based on the assertion that uncorroborated hearsay reports alone cannot constitute substantial evidence. However, *Matter of Eagle v Paterson* (57 NY2d 831) teaches otherwise, namely, that no minimum quantity of evidence supporting an administrative decision must be of a kind admissible in a court proceeding *(id.,* p 833; *see also, Matter of Burgos v Coughlin,* 108 AD2d 194, 196-197, *lv denied* 66 NY2d 603). For there to be substantial evidence, the record need only contain such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact *(300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180).

The principal factual issue before the Commissioner was the location of Juan's residence on July 12, 1982, on the occasion of his second placement with Romano. As to that issue, the record contains not only uncorroborated hearsay, to wit, an acknowledged form signed by the child's mother declaring that Juan's residence at that time was in petitioner district, but also various documents and letters from petitioner itself which attest to the fact that the child attended school in petitioner district from September 1981 through June 1982. Such evidence is clearly probative of Juan's residence on July 12, 1982; notable also, is the absence of any proof to the contrary.

Judgment affirmed, with one bill of costs. Mahoney, P. J., Main, Weiss, Yesawich, Jr., and Harvey, JJ., concur.