■ In the Matter of JACOB S. EISENBERG, Petitioner, v STATE OF NEW YORK EDUCATION DEPARTMENT et al., Respondents.—Kane, J. P. Proceeding pursuant to CPLR article 78

(initiated in this court pursuant to Education Law § 6510 [5]) to annul a determination of the Commissioner of Education which revoked petitioner's license to practice as a certified public accountant in New York State.

Petitioner was licensed to practice as a certified public accountant on January 3, 1936. On February 15, 1978, petitioner, doing business as J. S. Eisenberg & Company, issued a financial statement with regard to Eaton Factors, Inc., which indicated that in his unqualified opinion, Eaton had a net worth of $477,680 for the calendar year ending December 31, 1977. In fact, Eaton's liabilities exceeded its assets by a substantial sum, the disclosure of which forced the filing of a petition for bankruptcy in August 1978.

On September 4, 1984, a disciplinary proceeding was commenced against petitioner by respondent State Education Department's Office of Professional Discipline, State Board of Public Accounting, charging petitioner with four counts of professional misconduct relating to his relationship with Eaton. The first charge asserted that petitioner was not "independent" with regard to Eaton at the time of the examination and report because loans and participations existed between Eaton and petitioner and members of petitioner's immediate family. The second charge alleged that petitioner did not comply with generally accepted auditing standards and that his work papers did not reflect sufficient audit procedures upon which to issue an unqualified opinion. The third charge asserted that petitioner was grossly negligent because his unqualified opinion of Eaton's financial condition indicated a positive net worth and approval of a reserve for doubtful accounts of $132,242, when in fact liabilities exceeded assets and doubtful accounts exceeded $1,000,000. The last charge asserted that petitioner had practiced the profession with gross incompetence due to the facts alleged in the third charge against petitioner.

On December 4, 1984, January 15, 1985 and February 22, 1985, hearings as to these charges were heard before a hearing panel of the State Board of Accountancy, Committee on Professional Discipline. Witnesses at the hearing included Melvin Forman, Eaton's comptroller at the time of petitioner's audit and report; Bernard Augen, the certified public accountant who, after the filing of the petition for bankruptcy, supervised the audit of Eaton by Richard A. Eisner & Company for the creditors committee in 1978; and petitioner. The hearing panel found petitioner guilty of the first three charges

but not guilty of the fourth charge, and recommended that his license be revoked.

On November 22, 1985, the Regents Review Committee unanimously recommended that respondent Board of Regents accept the findings, determinations and recommendation of the hearing panel. The Board accepted this recommendation on December 13, 1985 and an order of the Commissioner of Education reflecting such fact was issued on January 14, 1986. This proceeding ensued.

In our view, the determination of the Commissioner of Education is supported by substantial evidence (see, People ex rel. Vega v Smith, 66 NY2d 130; Matter of Eagle v Paterson, 57 NY2d 831; Matter of Brentwood Union Free School Dist. v Ambach, 115 AD2d 147). The record clearly demonstrates financial involvement by petitioner and members of his family with Eaton. Petitioner made loans to Eaton and received payments from Eaton based on these loans. He also received commissions on approximately $400,000 of investments his clients made in Eaton which were labeled "consultation fees" but, in fact, more closely resembled activity as a "promoter" of an enterprise he audited, a clear violation of American Institute of Certified Public Accountants, Code of Professional Ethics, Rules of Conduct 101 (B) (1). Additionally, petitioner's wife held $85,000 of debentures in Eaton, which were partially purchased from joint accounts held in the name of petitioner and his wife, who, along with petitioner's son and daughter, also possessed other substantial interests in Eaton. The charge that petitioner was not "independent" with regard to Eaton must be sustained (8 NYCRR 29.10 [5]; see, Matter of Preusch v University of State of N. Y., 112 AD2d 502).

We reach the same conclusion in regard to the charges of gross negligence and failure to conform with generally accepted auditing principles. Admittedly, petitioner did not prepare an audit program or submit an internal control questionnaire in the process of auditing Eaton's accounts. In view of the poor state of the records of the company, and the fact that the president of Eaton personally kept the general ledger, internal controls were specifically needed to properly conduct an audit. Moreover, the lack thereof contributed to petitioner's failure to discover Eaton's Chase Manhattan Bank account containing liabilities of approximately $750,000. Petitioner, in making his report, also relied on the president's assertion that $100,000 would be deposited in a company account, when, in fact, such deposit was never made. In accepting such representations and relying upon records pro-

vided by the president and other employees, rather than reviewing and confirming the contents of underlying books and records, petitioner subordinated his judgment to others in violation of American Institute of Certified Public Accountants, Code of Professional Ethics, Rules of Conduct (American Institute of Certified Public Accountants, Code of Professional Ethics, Rules of Conduct 102, p 18; 203, p 19 [March 1975 ed]; *see,* 8 NYCRR 29.10 [a] [7] [i]; *People ex rel. Vega v Smith,* 66 NY2d 130, *supra).*

Finally, the administratively imposed sanction should not, on this record, be disturbed *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 223; *Matter of Preusch v University of State of N. Y.,* 112 AD2d 502, *supra).*

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Casey, Yesawich, Jr., and Levine, JJ., concur.