■ In the Matter of NADEM J. SAYEGH, Petitioner, v NEW YORK STATE EDUCATION DEPARTMENT et al., Respondents. [601 NYS2d 35] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondents which denied petitioner's application for a license to practice medicine in New York.

In 1987, petitioner pleaded guilty to attempted unauthorized practice of medicine (see, Penal Law § 110.00; Education Law § 6512) and was sentenced to one year of probation and fined. The conviction stemmed from petitioner's falsification of various documents related to his medical education. Petitioner thereafter completed additional course work and clinical rotations and, in July 1990, was advised that the Board of Regents would accept his education and license him to practice medicine in this State after he completed 10 months of postgraduate training and satisfied the requirement of good moral character.

Following completion of the required training, petitioner requested and received a hearing on the issue of his moral character. At the hearing, petitioner candidly admitted that he had, inter alia, falsified two academic transcripts in 1978 and forged two letters in 1980 and 1981, respectively, falsely indicating that he had completed clinical rotations in urology and emergency medicine. Petitioner expressed remorse for

what he acknowledged to be unethical behavior on his part, and various character witnesses testified on his behalf, including the director of petitioner's residency training program. The Hearing Panel thereafter concluded, by a 2 to 1 vote, that petitioner was of good moral character and satisfied the requirements for professional licensure. On administrative appeal, the Committee on the Professions (hereinafter the Committee) reversed the Hearing Panel's determination, finding, *inter alia,* that petitioner failed to appreciate the significance of his conduct. Petitioner thereafter commenced this CPLR article 78 proceeding to challenge respondents' determination and Supreme Court, finding that an issue of substantial evidence had been raised, transferred the proceeding to this Court.

Initially, we reject petitioner's assertion that the Committee was without jurisdiction to review the Hearing Panel's determination. Inasmuch as the record plainly indicates that the appeal was in fact authorized by the Executive Director of the Office of Professional Discipline (hereinafter OPD), who, in turn, delegated the ministerial task of filing the necessary notice to OPD's prosecuting attorney, we see no reason to disturb the Committee's finding that it had jurisdiction to entertain the appeal in accordance with 8 NYCRR 28.6.

Turning to the merits, it is well settled that a determination of an applicant's good moral character, made after a hearing, will be upheld if supported by substantial evidence *(see, Matter of Bevacqua v Sobol,* 176 AD2d 1, 3-4). Here, the record amply supports the Committee's finding that petitioner not only failed to appreciate, but attempted to minimize, the significance of his fraudulent and unethical behavior. While petitioner admitted that he falsified certain academic transcripts to enhance his chances of being accepted to medical school, he attributed such conduct to family and peer pressure and his desire to leave the intolerable conditions he purportedly encountered in the Dominican Republic. Similarly, although petitioner acknowledged that he forged letters falsely indicating that he had completed certain clinical rotations in an effort to reduce the amount of tuition he would have to pay at a particular school, he insisted that he did not actually "use" the letters because he ultimately had to pay the full amount of tuition required. In short, although petitioner admitted his mistakes and expressed remorse, he also, as the Committee found, either attempted to excuse or failed to grasp the significance of his misconduct. Petitioner's remaining arguments, including his assertion that the Committee failed

to comply with the requirements of Correction Law article 23-A, have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure and Mahoney, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.