■ In the Matter of LAKSHESH PANCHAL, Petitioner, v COMMISSIONER OF EDUCATION et al., Respondents. [621 NYS2d 182] —Mercure, J. Proceeding pursuant to CPLR article 78 (trans-

ferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Committee on the Professions which denied petitioner's application for a license to practice as a certified public accountant.

Petitioner, licensed as a certified public accountant (hereinafter CPA) in Maryland in 1989, thereafter sought a CPA license in this State and was told that he needed to complete additional course work. In 1990, petitioner was indicted as a result of his proposal to two police officers, acting undercover as potential clients in separate incidents, to understate their tax liabilities by thousands of dollars. Petitioner pleaded guilty to an attempt to commit the crime of offering a false instrument for filing in satisfaction of the 13-count indictment. At the plea hearing, petitioner admitted that he attempted to file an instrument which contained false information and that he prepared documents containing false information as to the tax liability of the S & R Candy Store. In 1991, after completing the required course work, petitioner reapplied for a CPA license in this State and, following a hearing, respondent State Board for Public Accountancy (hereinafter the Board) determined that petitioner had not satisfied the requirement of good moral character and denied his application to be licensed as a CPA. Petitioner appealed this determination to respondent Committee on the Professions (hereinafter the Committee), which affirmed the Board's determination. Petitioner then brought this CPLR article 78 proceeding.

We reject petitioner's contention that there is not substantial evidence to support the Committee's determination. To the contrary, the evidence amply supports the conclusion that petitioner lacked the requisite moral character for licensure as a CPA. There is no dispute that petitioner engaged in the falsification of tax documents in furtherance of two separate schemes to understate tax liability, criminal and fraudulent activities going to the very heart of a CPA's professional responsibility and which led to petitioner's criminal conviction. Furthermore, the record demonstrates that petitioner not only failed to appreciate but attempted to minimize his improper behavior (see, Matter of Sayegh v New York State Educ. Dept., 195 AD2d 938). On this record, it is our view that the Committee could reasonably have reached the conclusion that it did (see, People ex rel. Vega v Smith, 66 NY2d 130; Matter of Sayegh v New York State Educ. Dept., supra; Matter of Eisenberg v State of N. Y. Educ. Dept., 125 AD2d 837).

Petitioner's remaining contentions, including his claim that the grant of a certificate of relief from disabilities, entitles him to licensure as a matter of right, have been considered and found lacking in merit.

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.