■ In the Matter of ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of EDWARD P., Respondent, v EDWARD O. et al., Appellants. [658 NYS2d 729] —Mikoll, J. P. Appeal from an order of the Family Court of St. Lawrence County (Nelson, J.), entered June 4, 1996, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to, inter alia, direct respondents to pay child support arrears.

Respondents became aware in August 1989 that their then 17-year-old adopted son, Edward P. (hereinafter the child),

born in 1972, had sexually abused his sisters. Respondents notified the St. Lawrence County Sheriff's Department, an investigation was conducted and the child was subsequently placed in foster care. Petitioner filed a support petition in Family Court on behalf of the child against respondents in October 1989. Following a hearing the Hearing Examiner issued an order in February 1990 directing respondents to, *inter alia*, pay $20 per week support effective October 17, 1989, a decreased amount of $25 per month effective January 1, 1990 and an increased amount of $35 per week effective April 2, 1990. Respondents failed to pay, arrearages accrued and, in July 1993, petitioner filed a violation of support petition. Petitioner also filed a modification petition because of the child's approaching 21st birthday. Following a hearing, the Hearing Examiner fixed the arrears at $6,400 and ordered the support obligation to cease as of August 1993. Respondents filed objections to the fixing of the arrears claiming that they had been denied counsel. Family Court denied these objections in December 1993 and respondents appealed.

Further motion proceedings regarding the violation petition and the arrearages occurred. Upon appeal, this Court ruled that review of the merits of the parties' claims was not possible because of inaudible audiotapes and the lack of a transcribed record, and remitted the matter to Family Court for a new hearing (216 AD2d 609). Upon receipt of the notice of remittal for a hearing, respondents moved for a change of venue from St. Lawrence County to Franklin County (the child's residence), claiming that it was more convenient for the child and that the Hearing Examiner and Judge who presided at the prior proceedings might be partial. The Hearing Examiner denied the motion, conducted the remittal hearing, found that the February 1990 order of support was valid and that respondents had nonwillfully violated such order. Further, the Hearing Examiner rejected respondents' contention that the child had been emancipated by operation of law by virtue of his conduct in August 1989. Additionally, following review of the audiotapes and the transcripts of the hearing, Family Court made corrections thereto and issued an order denying respondents' objections to the Hearing Examiner's findings. The order was entered June 4, 1996 and respondents appeal therefrom.

Respondents contend that Family Court erred in denying their motion for a change of venue, claiming that the record demonstrates that the Hearing Examiner and Family Court had predetermined the decision of the hearing on remittal

concerning the violation and modification petitions. Respondents base their claim of partiality on two comments of the Hearing Examiner and Family Court's corrections of the hearing transcripts. Contrary to respondents' contentions, we find nothing adverse in the action of Family Court in obtaining the transcripts, comparing them to the audiotapes and then supplementing the record. We also find the Hearing Examiner's remarks to be innocuous. Respondents' affidavits submitted in support of their motion to change venue did not satisfy their burden of proving that they could not receive an impartial trial or that the change in venue was required for the convenience of witnesses (*see*, CPLR 510 [2], [3]; *see also*, *Midonick v Peppertree Hill Dev. Corp.*, 49 AD2d 721; *Dairymen's League Co-Op. Assn. v Brundo*, 131 Misc 548; *cf.*, *Arkwright v Steinbugler*, 283 App Div 397). We note that respondents' appeal from the order entered June 4, 1996 properly brought up for review the denial of their motion for change of venue (*see*, *Matter of Aho*, 39 NY2d 241, 247-248; *Guasteferro v Family Health Network*, 203 AD2d 906; *see also*, CPLR 5501 [a]).

Respondents' argument that this Court's remittal for "a new hearing" (216 AD2d 609, 610, *supra*) entitled them to a new hearing on the 1989 support petition because this Court was unable to review the merits of the parties' claims absent a transcribed record lacks merit. As respondents did not directly appeal from the February 1990 order of support which was mailed to them on February 21, 1990, no substantive attack on the 1989 support petition may be entertained by this Court (*see*, CPLR 5513 [a]). Moreover, insofar as one of the issues that this Court was earlier unable to resolve was whether the order denying respondents' motion to set aside the February 1990 order of support was proper to the extent that such issue was intertwined with respondents' claim that they never received the 1990 support order, we note that, on remittal, the Hearing Examiner did order and conduct a separate hearing on that specific issue. Thus, respondents received the remedy that this Court intended.

Respondents urge that since the violation petition refers to a support order "dated January 11, 1990", which they assert does not exist, the Hearing Examiner's findings of fact were made after the order and were done to conform to the preexisting order. The record indicates that the hearing date of the motion in question was January 11, 1990 and the date of entry of the order was February 21, 1990. This error was merely clerical in nature and as respondents previously defended themselves against both the violation and modification peti-

tions without raising the issue of the appropriateness of the date, we find their present contention meritless.

Respondents urge that Family Court erred in finding that the February 1990 order of support had been served upon respondents by mail, contending that there is no evidence that actual service was effectuated. We observe that respondents appeared at a hearing on the violation and modification petitions and never mentioned that they had not been served with the order of support. Further, the testimony of William Murphy, Chief Clerk of the St. Lawrence County Family Court, and court documentation supports Family Court's conclusion. This Court defers to Family Court's credibility determination (*see, e.g., Matter of Karcher v Byrnes*, 232 AD2d 760, 761; *Matter of Esther CC.*, 194 AD2d 949, 951) that petitioner established proper service by a preponderance of the evidence (*see, Kanner v Gerber*, 197 AD2d 673). Moreover, service is complete upon the mailing of papers in a pending action regardless of receipt by the addressee (*see,* CPLR 2103 [b] [2]; *see also, Barton v La Pointe*, 67 AD2d 760, 760-761).

Respondents' claim that Family Court erred in finding that they had not raised the defense of emancipation prior to the child's 21st birthday is also without merit. There is no evidence in the record substantiating respondents' assertions that they raised the emancipation issue prior to September 1993 and since the $6,400 arrearage had already accumulated prior to the child's 21st birthday, the court properly ruled that such defense was "untimely and moot" (*see,* Family Ct Act § 451).

We have considered respondents' other claims of error and find that they are similarly without merit.

Crew III, Casey, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.