■ In the Matter of CHIKE I. D. ANAMDI, Petitioner, v NEW YORK STATE EDUCATION COMMISSIONER, Respondent. [664 NYS2d 486] —Crew III, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Committee on the Professions of the Education Department which denied petitioner's application for a renewal of his limited permit to practice medicine in New York.

In June 1991, petitioner was issued a two-year limited permit to practice medicine in this State. Upon reviewing petitioner's application for renewal of the limited permit and/or licensure to practice medicine, it apparently was determined that there was some question as to petitioner's good moral character, prompting petitioner to request a hearing pursuant to 8 NYCRR 28.4 to resolve this issue. The hearing commenced in April 1994, at which time petitioner appeared *pro se*. The hearing subsequently resumed in September 1994, petitioner appeared with counsel and the Office of Professional Discipline of the Education Department continued to present evidence that petitioner had, *inter alia*, misrepresented his credentials and submitted a forged letter of reference to prospective employers. Testimony also was adduced from petitioner and his spouse in an attempt to explain petitioner's conduct. The hearing concluded in December 1994.

Thereafter, in May 1995, the Hearing Panel issued its decision finding that petitioner had failed to fulfill the moral character requirement for licensure and, hence, denied his application for licensure and/or renewal of his limited permit. Upon administrative appeal, the Department's Committee on the Professions upheld the Hearing Panel's decision. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 seeking to annul the underlying determination. Respondent answered and petitioner moved to strike respondent's

answer as untimely. Supreme Court denied petitioner's motion and, noting that this matter presented a question of substantial evidence, transferred the instant proceeding to this Court for review.

As a starting point, we reject petitioner's contention that Supreme Court erred in denying his motion to strike respondent's answer. In accordance with CPLR 7804 (c), respondent's answer had to be served at least five days prior to the October 11, 1996 return date of petitioner's order to show cause. The record before us reveals that respondent's answer was mailed on October 4, 1996—one week prior to the return date. Inasmuch as service is complete upon mailing (see, CPLR 2103 [b] [2]; [c]; see also, Matter of St. Lawrence County Dept. of Social Servs. [Edward P.] v Edward O., 240 AD2d 882, 885), it is apparent that respondent's answer indeed was served in a timely fashion. Equally unpersuasive is petitioner's claim that he was denied certain procedural rights during the course of the hearing.

Turning to the merits, a limited permit, which enables the holder to practice medicine only under the supervision of a licensed physician, is valid for a two-year period and is renewable at the discretion of the Department (see, Education Law § 6525 [2], [3]). As an applicant for renewal of a limited permit and/or licensure, petitioner was required to meet and fulfill certain requirements including, inter alia, being "of good moral character as determined by the department" (Education Law § 6524 [7]; see, Education Law § 6525; 8 NYCRR part 28). In this regard, "it is well settled that a determination of an applicant's good moral character, made after a hearing, will be upheld if supported by substantial evidence" (Matter of Sayegh v New York State Educ. Dept., 195 AD2d 938, 939).

Here, the record reflects that petitioner falsified various employment applications by indicating that he had received a Bachelor of Science degree from Howard University in Washington, D.C., when in fact he received his undergraduate degree from the University of Mainz in Germany. Additionally, the record demonstrates that petitioner falsely indicated on certain applications that he had completed his residency at the University Teaching Hospital in Frankfurt, Germany, when in fact his residency was performed at five separate hospitals. The record further indicates that petitioner misrepresented his employment history on one application by failing to disclose his work experience at a particular hospital.

Although petitioner admitted that the educational information provided on many of his employment applications was

incorrect, he argued that these "inadvertent errors" could be attributed to a lack of sufficient space on the applications to explain his educational background.* As for his employment history, petitioner concedes that he omitted a certain employer from one of his applications because he did not want prospective employers to speak with his former supervisor. Such conduct, coupled with the submission of a forged letter of reference and petitioner's misrepresentation of his professional status, more than substantiates the finding that petitioner engaged in a pattern of dishonesty and deceit. Under such circumstances, we see no basis for disturbing the determination of the Committee on the Professions that petitioner failed to satisfy the good moral character requirement for renewal of his limited permit and/or full licensure (see, id.). Petitioner's remaining contentions have been examined and found to be lacking in merit.

White, Yesawich Jr., Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* For example, petitioner testified that he considered his undergraduate degree to be from Howard University because most of his credit hours were obtained there. Similarly, although acknowledging that the University Teaching Hospital had its own residency program, in which he was not enrolled, petitioner contended that the five hospitals that he did attend were "affiliated" with the University Teaching Hospital, thereby entitling him to claim that he completed his residency at that institution.