In the Matter of JOSEPH M. WUNDERLICH, Petitioner, v NEW YORK STATE EDUCATION DEPARTMENT, COMMITTEE ON THE PROFESSIONS, Respondent. [918 NYS2d 257]—

Malone Jr., J.

Petitioner holds accounting and business administration degrees and is employed as the controller of a Connecticut-

based hedge fund company. In 2006, he applied for licensure as a certified public accountant (hereinafter CPA) in New York. On his application, petitioner disclosed that he had been arrested in 2005 and charged with promoting gambling in the first degree. Petitioner pleaded guilty to attempted promoting gambling in the first degree and was sentenced to three years of probation and a fine. Due to his arrest and conviction, petitioner's application was referred to the Department of Education's Office of Professional Discipline (hereinafter OPD) for further investigation regarding the requirement that an applicant establish good moral character (*see* Education Law § 7404 [1] [7]; 8 NYCRR 28-1.3). Upon completion of that investigation, a panel of the State Board for Public Accountancy (hereinafter the hearing panel) concluded that petitioner's conviction raised a question concerning his moral character.* Following evidentiary hearings conducted at petitioner's request, the hearing panel found that petitioner had established the necessary requirements for licensure. OPD appealed and respondent reversed, concluding that petitioner lacked the requisite good moral character. Petitioner thereafter commenced this CPLR article 78 proceeding.

Initially, petitioner contends that respondent lacked jurisdiction to consider OPD's appeal from the hearing panel's decision because a "written notice of appeal" was not filed within 30 days of service of the hearing panel's determination (*see* 8 NYCRR 28-1.6). The record reveals that, as respondent determined, OPD sent timely notice of its intent to appeal and requested an extension of time to file its brief, although petitioner denied receiving a copy of such notice. The record further shows that respondent granted OPD's request for an extension to file its brief, a copy of which correspondence petitioner did receive. However, even assuming that OPD failed to strictly adhere to the time limitation, such failure does not deprive respondent of jurisdiction to consider the appeal inasmuch as the time limitation is regulatory, not statutory (*see generally Matter of Dickinson v Daines*, 15 NY3d 571 [2010]; *cf. Matter of Pearlman v Mills*, 24 AD3d 837, 838 [2005]). Moreover, given other material in the record, including proof that OPD submitted its brief in a timely fashion and the lack of prejudice to petitioner, we find that, to the extent that respondent's consideration of OPD's appeal was discretionary, that authority was "exercised rationally and reasonably" (*Matter of Pearlman v Mills*, 24 AD3d at 838).

---

* In the interim, petitioner was discharged from probation and received a certificate of relief from disabilities for his offense.

Turning to the merits, we find that respondent's determination that petitioner lacked the requisite good moral character for licensure as a CPA is supported by substantial evidence in the record (*see Matter of Barran v Department of Educ. of State of N.Y.*, 20 AD3d 752, 755 [2005], *lv denied* 5 NY3d 713 [2005]; *Matter of Panchal v Commissioner of Educ.*, 211 AD2d 902, 903 [1995]). It is undisputed that petitioner, with friends, engaged in illegal financial transactions over the course of six years and that he knew this conduct was wrong. The record also demonstrates that petitioner failed to report the income gained from this conduct on his state or federal income tax returns and did not file amended tax returns following his conviction (*see Matter of Panchal v Commissioner of Educ.*, 211 AD2d at 903). Notably, the only reason that petitioner gave for engaging in his unlawful conduct was loyalty to his friends, and petitioner gave inconsistent testimony when questioned about whether he still had contact with those individuals.

Next, we are unpersuaded by petitioner's contention that respondent failed to give proper weight to the "presumption of rehabilitation" created by his certificate of relief from disabilities (Correction Law § 753 [2]). To the contrary, respondent specifically referenced the certificate, but nevertheless concluded that there was a "direct relationship between the offense and the professional license sought" (*see* Correction Law § 752 [1]). Further, along with the certificate, respondent also indicated that it considered issues relating to the other factors enumerated in Correction Law § 753 (1) by concluding, among other things, that not only was the criminal conduct in which petitioner admittedly engaged directly connected to the duties of a CPA, but it also took place only a short time ago, while he was, at the same time, "pursuing licensure as a CPA" (*see* Correction Law § 753 [1] [b], [d]). Respondent also expressed concern that "there is no evidence in the record that [petitioner] examined why he engaged in such conduct or what he will do to ensure that he will not be drawn into this or other schemes in the future." Under these circumstances, we cannot agree that respondent failed to consider the appropriate factors in rendering its determination.

We have examined petitioner's remaining arguments and find them to be lacking in merit.

Mercure, Spain and Stein, JJ., concur; Cardona, P.J., not taking part. Adjudged that the determination confirmed, without costs, and petition dismissed.

