Matter of Holden v Naccarato (2020 NY Slip Op 01682)





Matter of Holden v Naccarato


2020 NY Slip Op 01682


Decided on March 12, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 12, 2020

528645

[*1]In the Matter of Rayfield A. Holden, Petitioner,
v
Susan A. Naccarato, as Director of the New York State Education Department, Division of Professional Licensing Services, et al., Respondents.

Calendar Date: January 10, 2020

Before: Garry, P.J., Mulvey, Devine, Pritzker and Colangelo, JJ.


Dibble & Miller, PC, Rochester (John J. Jakubek of counsel), for petitioner.
Letitia James, Attorney General, Albany (Allyson B. Levine of counsel), for respondents.



Mulvey, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Committee on the Professions denying petitioner's application to become a licensed practical nurse.
In 2006, Louisiana and Mississippi denied petitioner's applications to be a licensed practical nurse (hereinafter LPN) based on his alleged lack of good moral character. Indiana denied a similar application in 2008. When questions about petitioner's moral character arose in connection with his 2013 application to be an LPN in New York, a hearing was scheduled before a hearing panel of the State Board of Nursing, which is a part of respondent State Education Department (see 8 NYCRR 28-1.5). Following the hearing, the hearing panel concluded that petitioner's application for licensure should be denied because he did not meet the moral character requirement (see Education Law § 6906 [7]). Respondent Committee on the Professions (hereinafter COP) upheld that determination upon petitioner's administrative appeal. Petitioner commenced this CPLR article 78 proceeding seeking to annul COP's determination. Because the issue of substantial evidence was raised, Supreme Court transferred the proceeding to this Court (see CPLR 7804 [g]).
COP's determination to deny petitioner's application to become an LPN is supported by substantial evidence. "The Legislature has vested [the] Education Department . . ., among others, with the responsibility to evaluate whether an applicant seeking professional licensure has demonstrated good moral character, and the determination, made after an evidentiary hearing, will be upheld if supported by substantial evidence" (Matter of Levy v New York State Educ. Dept., 172 AD3d 1674, 1675 [2019] [internal quotation marks, brackets, ellipsis and citations omitted]; see Education Law § 6906 [7]; Matter of Anamdi v New York State Educ. Commr., 244 AD2d 726, 727 [1997], lv denied 92 NY2d 806 [1998]; Matter of Sayegh v New York State Educ. Dept., 195 AD2d 938, 939 [1993]; Matter of Magro v Ambach, 122 AD2d 321, 321-322 [1986], lv denied 69 NY2d 609 [1987]). COP reviewed evidence of petitioner's denial of licensure by other states. After a moral character hearing, Louisiana denied petitioner licensure as an LPN because, among other things, he engaged in fraud or deceit by not informing his fourth and fifth nursing schools about all of his previous enrollments or the reasons he was terminated from previous programs, and he engaged in unprofessional conduct as a nursing student by threatening students, faculty and staff with bodily harm, disrupting the learning environment and creating tension and hostility among the student body. Mississippi denied petitioner's application based on the Louisiana determination and on petitioner's false statement on his application regarding whether any charges were pending against him by another state nursing board, despite proof that he had been notified of the charges in Louisiana.
Although petitioner correctly asserts that the inquiry should address his present moral character, his past actions are relevant regarding whether he presently acknowledges prior mistakes, accepts responsibility for them, demonstrates remorse and has changed so that he will be unlikely to repeat the same behavior. Petitioner acknowledged that he failed to list his prior nursing schools in his applications to certain later schools, and that he did not mention the Louisiana charges in his Mississippi application. However, he blamed others for allegedly advising him not to list certain information and testified that his applications were not deceitful. Similarly, although petitioner testified that it was possible that other students or faculty could have viewed his behavior as argumentative and threatening, he averred that they misinterpreted him and took his statements out of context. He denied having a temper. While acknowledging that he had disagreements with other students, petitioner stated that he never threatened or disrespected anyone. These assertions are in contrast to the findings in Louisiana, based on the testimony of 17 witnesses found credible by that state's nursing board, that petitioner displayed a volatile temper, addressed other students on numerous occasions with statements that were gender-based and racially charged, and threatened staff that they would have to call the police and that he was coming to school with ammunition.
In sum, petitioner denied or downplayed much of his misconduct and never expressed remorse (see Matter of Sayegh v New York State Educ. Dept., 195 AD2d at 939). The hearing panel and COP could reasonably doubt the accuracy or sincerity of petitioner's testimony that he was humbled by and learned from this experience, as he had not legitimately acknowledged his past missteps (see Matter of Barran v Department of Educ. of State of N.Y., 20 AD3d 752, 755 [2005], lv denied 5 NY3d 713 [2005]; Matter of Panchal v Commissioner of Educ., 211 AD2d 902, 903 [1995]). While noting that petitioner's misconduct occurred 10 years ago, COP was troubled by his failure to fully accept responsibility for his actions, the lack of proof of rehabilitation and a concern that he still lacks sufficient insight to avoid recurrences of such misconduct. COP reviewed petitioner's letters of character reference and was entitled to give them whatever weight was deemed appropriate. The record contains substantial evidence supporting COP's determination to deny petitioner's application to become an LPN based on his failure to meet the moral character requirement.
Garry, P.J., Devine, Pritzker and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.