Matter of Novello v New York State Educ. Dept. Off. of Architectural Licensing (2025 NY Slip Op 07261)

Matter of Novello v New York State Educ. Dept. Off. of Architectural Licensing

2025 NY Slip Op 07261

Decided on December 24, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 24, 2025

CV-24-1842
[*1]In the Matter of John Novello, Petitioner,
v
New York State Education Department Office of Architectural Licensing, Respondent.

Calendar Date:November 13, 2025

Before:Clark, J.P., Reynolds Fitzgerald, Lynch, Ceresia and Powers, JJ.

Jerald S. Carter, Garden City, for petitioner.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.

Ceresia, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Committee on the Professions denying petitioner's application for a professional architectural license.
Petitioner applied for licensure as an architect, a profession that carries with it a requirement of good moral character (see Education Law § 7304 [1] [7]). Given that petitioner had previously pleaded guilty to two counts of grand larceny in the second degree, it was determined upon review of his application that there was a substantial question as to his moral character (see 8 NYCRR 28-1.4). Petitioner requested and was granted a hearing before a three-member panel of the State Board for Architecture (see 8 NYCRR 28-1.5), which found that petitioner had met the character requirement and recommended that his application be granted. Upon respondent's appeal, the Committee on the Professions (hereinafter COP) rejected the hearing panel's recommendation, concluding that petitioner had not demonstrated the requisite good moral character of a licensed architect. Petitioner thereafter commenced this CPLR article 78 proceeding, challenging COP's decision to deny licensure. Supreme Court, finding an issue of substantial evidence, transferred the proceeding to this Court (see CPLR 7804 [g]).
We confirm. "Under Correction Law § 752, a license application shall not be denied or acted upon adversely by reason of the individual's having been previously convicted of one or more criminal offenses, or by reason of a finding of lack of good moral character when such finding is based upon the prior convictions, unless: (1) there is a direct relationship between one or more of the previous criminal offenses and the specific license sought; or (2) the issuance of the license would involve an unreasonable risk to the safety or welfare of specific individuals or the general public" (Matter of Carbonell v New York State Educ. Dept. Off. of Professional Discipline State Bd. for Nursing, 233 AD3d 1152, 1153-1154 [3d Dept 2024] [internal quotation marks and citation omitted]). In determining whether either of these exceptions applies, the licensing agency must consider a number of factors (see Correction Law § 753 [1] [a]-[h]).
Here, COP analyzed the requisite statutory factors and concluded that both exceptions applied, such that petitioner lacked good moral character by virtue of his criminal history. COP noted that the crimes committed by petitioner were serious in nature. One conviction involved stealing more than $50,000 over a three-year period from a political committee of which petitioner was a leader, and the other consisted of obtaining a construction loan of approximately $900,000 under false pretenses. COP determined that these crimes of dishonesty bore upon architectural responsibilities in that an architect must display honesty and integrity and must make significant financial decisions that impact [*2]the client and the public at large. In addition, as acknowledged by COP, petitioner minimized his crimes, implying at one point that the theft related to a single political event rather than taking place over a three-year period and claiming that he had acted lawfully when procuring the loan. COP also observed that these crimes occurred relatively recently and were not the product of youthful indiscretion, as petitioner was in his late 40s and held several governmental positions involving the public trust at the time.
Regarding petitioner's proffered certificates of relief from disabilities, although these created a presumption of rehabilitation (see Correction Law § 753 [2]), COP found that they were outweighed by other considerations including the seriousness of the crimes and petitioner's minimizing of his culpability (see Matter of Wunderlich v New York State Educ. Dept., Comm. on the Professions, 82 AD3d 1345, 1347 [3d Dept 2011], lv denied 17 NY3d 715 [2011]). Further, petitioner admitted that he had not participated in any rehabilitative activities following his convictions (see Matter of Carbonell v New York State Educ. Dept. Off. of Professional Discipline State Bd. for Nursing, 233 AD3d at 1154-1155).To the extent that petitioner called character witnesses on his behalf, COP deemed them to be of limited value, as they appeared to be only vaguely aware of the nature of his crimes and downplayed their seriousness. As for the issue of volunteer work in the community, COP declined to credit petitioner for any such work given that he had not actually performed this work but, rather, had merely inquired about it.
In sum, given that COP assessed the statutory factors and its findings are supported by substantial evidence in the record, its determination will not be disturbed (see Matter of Al Turi Landfill v New York State Dept. of Envtl. Conservation, 98 NY2d 758, 761 [2002]; Matter of Carbonell v New York State Educ. Dept. Off. of Professional Discipline State Bd. for Nursing, 233 AD3d at 1154-1155; Matter of Levy v New York State Educ. Dept., 172 AD3d 1674, 1675 [3d Dept 2019]; Matter of Wunderlich v New York State Educ. Dept., 82 AD3d at 1347). Petitioner's remaining contentions have been considered and are without merit.
Clark, J.P., Reynolds Fitzgerald, Lynch and Powers, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.