In the Matter of the ESTATE OF BERNARD J. CLIFFORD, Deceased, Appellant, v NEW YORK STATE EMPLOYEES RETIREMENT SYSTEM et al., Respondents.

Third Department, December 31, 1986

### APPEARANCES OF COUNSEL

*Louis-Jack Pozner* for appellant.

*Robert Abrams, Attorney-General (William J. Kogan* and *Peter H. Schiff* of counsel), for respondents.

### OPINION OF THE COURT

HARVEY, J.

The primary issue on appeal is whether respondent Comptroller erroneously interpreted Retirement and Social Security Law § 90 (bb) (1) as providing him with discretion to extend the retirement option election period beyond 60 days after the effective date of a member's retirement. Bernard J. Clifford, a vested member of respondent State Employees Retirement System (System), filed an application for retirement benefits in January 1982. He was not at that time employed by or a resident of New York State. Further, he had been eligible for benefits since April 1, 1980. It is undisputed that under these facts, the effective date of his retirement was the date his application was received, January 7, 1982.

Upon retirement, State employees have various retirement options which are available to them *(see,* Retirement and Social Security Law § 90). Normally, a retiree's application is filed at least 30 days prior to his retirement and thus estimates and explanations of his options are provided prior to his effective date of retirement. However, in a case such as Clifford's, where the effective date of his retirement is the same date his application is received by the System, estimates and explanations of the options are provided later. Retirement and Social Security Law § 90 (bb) (1) allows a 60-day extension of the period a retiree has in which to elect an option after the effective date of his retirement. The Comptroller viewed

the 60-day limit in the statute as discretionary and thus followed an administrative practice of allowing a retiree two weeks after he received the information about his retirement options in which to elect an option. This practice was followed even when the two-week period extended the period for election beyond 60 days after the retiree's effective date of retirement.

Clifford did not receive the information from the System explaining the different retirement options which were available to him until March 12, 1982. He was informed at that time that he had two weeks, until March 26, 1982, to file his option election forms. This was more than 60 days after Clifford's effective date of retirement. On March 24, 1982, he filed his option election forms selecting "pop-up/joint allowance-full" and designated Joseph T. Cotter as his beneficiary. Under this option, if the retiree's beneficiary predeceases him, all payments are stopped at the retiree's death and nothing is paid to his estate. Cotter died on May 23, 1982 and, pursuant to the terms of the option selected by Clifford, he then received increased retirement payments until his death on October 3, 1983.

Edith Gynn, executrix of Clifford's estate, applied to the System for any benefits payable as a result of Clifford's death. The System notified Gynn that under the option elected by Clifford, all payments ceased upon his death. Gynn filed a request for a hearing. Gynn contended that since Clifford's selection was not made within 60 days of the effective date of his retirement, his selection of "pop-up/joint allowance-full" was ineffective. Gynn further reasoned that if no effective election was made, Clifford's pension should be on the basis of "option one-half" (see, Retirement and Social Security Law § 90 [bb] [2] [mandating "option one-half" when no effective election is made]). Under that option, there would be funds payable to Clifford's estate.

The Hearing Officer determined that the System had a reasonable basis for extending the time for Clifford to file his option and that his choice of "pop-up/joint allowance-full" would stand. Hence, the application for benefits was denied. After that determination was affirmed by the Comptroller, petitioner commenced this CPLR article 78 proceeding to annul the determination. Special Term dismissed the petition and this appeal ensued.

Interpretation and application of a statute by an agency

which involves knowledge and understanding of the underlying operational practices or entails an evaluation of factual data will be upheld unless it is irrational *(Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451, 459; *Matter of Mack v Martinez,* 117 AD2d 959, 960).* This standard has been applied to an agency charged with administering retirement benefits *(see, Matter of Gallo v New York State Teachers' Retirement Sys.,* 121 AD2d 24, 26). Here, petitioner contends that the Comptroller's interpretation of Retirement and Social Security Law § 90 (bb) (1) as discretionary is erroneous and that the statute mandates that an election of a retirement option take place within 60 days of the retiree's effective date of retirement. It is well settled, however, that "the line between mandatory and directory statutes cannot be drawn with precision" *(People v Karr,* 240 NY 348, 351; *accord, Matter of King v Carey,* 57 NY2d 505, 513; *see,* McKinney's Cons Laws of NY, Book 1, Statutes § 177 [c]).* In determining whether a statutory provision is discretionary or mandatory, "the considerations which control are the intent of the provision, gleaned from the entire [statute] and the surrounding circumstances, the purpose of the provision, the policy to be promoted, and the results which would obtain if one conclusion were followed to the exclusion of another" *(Matter of Elliott v City of Binghamton,* 94 AD2d 887, 889, *affd* 61 NY2d 920; *accord, Matter of Gallo v New York State Teachers' Retirement Sys., supra; see, Matter of McCormick v Axelrod,* 59 NY2d 568). Limits in regard to the time in which an agency must act are generally construed as discretionary in the absence of express limits on the authority of the agency to act after the time period *(see, Matter of Grossman v Rankin,* 43 NY2d 493, 501; *People ex rel. Huff v Graves,* 277 NY 115; *Matter of Sheppard v LeFevre,* 116 AD2d 867).

The statute in question does not expressly limit the authority of the Comptroller to act after the time period in question. Further, the Comptroller's interpretation of the statute fosters sound policy and in most cases works to the benefit of a retiree. In situations such as the one exemplified by the facts at hand, a limited extension of time is granted in order to afford the retiree ample opportunity to make an intelligent

___

* There are numerous cases where seemingly mandatory language was interpreted to be discretionary *(see, e.g., Matter of Hennessy,* 164 NY 393; *Matter of Springer v Whalen,* 68 AD2d 1011, *lv denied* 47 NY2d 710; *Young Men's Christian Assn. v Rochester Pure Waters Dist.,* 44 AD2d 219, *affd* 37 NY2d 371).

choice as to the retirement option most beneficial to him. Peter Buckley, an Assistant Director of Retirement Calculations for the System, testified that such extensions are routinely given. Indeed, the selection of a retirement option is an important decision. The granting of a two-week period in which to make this election fosters sound policy in that it provides retirees with reasonable time in which to make their election. To interpret the statutory time period as mandatory would, in most cases, work a hardship on the retiree in that his time in which to elect an option would potentially be greatly reduced. We find that the purpose of the act, its policy and the surrounding circumstances lead to the conclusion that the Comptroller's interpretation of the statute is not irrational. Hence, petitioner's attempt to posthumously change Clifford's retirement option election was properly denied.

Having concluded that the Comptroller's interpretation of Retirement and Social Security Law § 90 (bb) (1) is rational, it is not necessary for us to address whether estoppel would have been applicable against petitioner.

MAHONEY, P. J., KANE, WEISS and MIKOLL, JJ., concur.

Judgment affirmed, without costs.