■ In the Matter of ROBERT E. JOHN, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application to have his service as a New York City fire marshal treated as creditable service for retirement purposes.

Petitioner was employed as a New York City fire marshal between 1962 and 1968. Since 1970, he has been a detective

---

investigator for the Suffolk County District Attorney's office. In December 1984, he applied to the New York State Employees' Retirement System to have the years he worked as a fire marshal credited toward his total service under Retirement and Social Security Law § 89-d. That statute, which was enacted in 1983 (L 1983, ch 678), provides an optional 20-year retirement plan for detective investigators assigned to the office of a District Attorney. The statute provides that, in addition to service as a detective investigator, "service as a * * * paid fireman, policeman or officer of any organized fire department or police force * * * shall also be deemed to be creditable service and shall be included in computing years of total service for retirement pursuant to this section" (Retirement and Social Security Law § 89-d [i]). In March 1985, the Director of Member Services for the Retirement System, Peter Buckley, notified petitioner that his years of service as a fire marshal were not creditable service under Retirement and Social Security Law § 89-d (i).

Petitioner requested a hearing to review Buckley's determination. At the hearing, petitioner testified that his position as a fire marshal required him to conduct criminal investigations related to fires. He also stated that he carried a firearm and that he had the power to make arrests. There was also testimony that his position was classified as a civilian position and that he was not a member of a fire department pension plan or a police department pension plan. While petitioner pointed out that a fire marshal is classified as a "police officer" under the current provisions of CPL 1.20 (34) (i), he admitted that fire marshals were classified as "peace officers" during his tenure in that position (see, L 1970, ch 997, § 8). Relying primarily upon the fact that during the relevant period the CPL provided that fire marshals were peace officers, the Hearing Officer determined that petitioner did not qualify as a paid fireman, policeman or officer of any organized fire department or police force. Upon administrative review, respondent agreed with the Hearing Officer's determination and thus denied petitioner's application. Petitioner then commenced the instant CPLR article 78 proceeding which has been transferred to this court for resolution.

Respondent is charged with administering the Retirement and Social Security Law and thus must determine, in the first instance, the proper construction of its terms (Matter of Cannavo v Regan, 122 AD2d 523, 524, lv denied 68 NY2d 612; Matter of Spitz v Regan, 98 AD2d 920). His construction will be upheld unless it is irrational (Matter of Estate of Clifford v

*New York State Employees Retirement Sys.,* 123 AD2d 1, 3-4; *Matter of Estate of Gallo v New York State Teachers' Retirement Sys.,* 121 AD2d 24, 26, *lv denied* 69 NY2d 610). Retirement and Social Security Law § 89-d (i) does not explicitly provide for the inclusion of fire marshals in its provision. In interpreting the statute, respondent placed importance on the fact that, during the relevant period, fire marshals were not included within the statutory list of persons considered as police officers. Further, while there was evidence indicating that as the fire marshal petitioner had some of the duties and responsibilities of firefighters and police officers, there was also evidence that his position was different from firefighters and police officers in significant ways. In light of the above, we cannot say that respondent's determination was irrational.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Levine and Harvey, JJ., concur.