■ In the Matter of MALCOLM E. LaMORE, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent. [613 NYS2d 992] —Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's request to transfer his enrollment from the New York State and Local Employees' Retirement System to the New York State and Local Police and Fire Retirement System.

Petitioner commenced his employment as an excise tax investigator in 1977, having previously served as a State Trooper from 1958 through 1970. Petitioner was afforded a hearing in 1990 in connection with his request for membership in the New York State and Local Police and Fire Retirement System (hereinafter System). At the hearing, petitioner testified to the duties he performed as an excise tax examiner, and the investigative and enforcement nature of these duties which he claims are similar in nature to the duties of a police officer. The Assistant Director of Member Services for the New York State and Local Retirement Systems testified that two criteria are necessary to determine eligibility in the System: (1) the applicant must meet the definition of *police officer* under Civil Service Law § 58, and (2) the applicant must be a member of an organized police force.

The term police officer is not defined in the Retirement and Social Security Law, but the law defines police or fire service (Retirement and Social Security Law § 302 [11]), which is used as the basis for calculating retirement income *(see,* Retirement and Social Security Law § 341 [b] [1]). Petitioner's service as an excise tax investigator clearly does not fall within any of the relevant definitions of police service contained in Retirement and Social Security Law § 302 (11). Nor is an excise tax investigator included in the definition of police officer contained in Civil Service Law § 58 (3). Petitioner's reliance on CPL 1.20 (34) (q) is misplaced, for that statute designates an excise tax investigator as a police officer for the limited

purpose of applying for and executing search warrants and acting as a claiming agent. As the officer charged with administering the Retirement and Social Security Law, respondent is responsible for determining the proper construction of its terms, and his construction will be upheld unless it is irrational *(Matter of John v Regan,* 139 AD2d 827, 828). Based upon the relevant statutes and the evidence in the record, we cannot say that respondent's determination was irrational *(see, supra).*

We find no merit in petitioner's claim that respondent's refusal to include excise tax investigators in the System is arbitrary because Department of Environmental Conservation Officers and Regional Park Officers are included in the System. The membership in the System afforded Conservation Officers and Regional Park Officers was the result of a legislative act *(see,* L 1986, ch 674, § 1), not an administrative act by respondent. Petitioner's equal protection claim is also lacking in merit *(see, Winkler v Spinnato,* 72 NY2d 402, 406-407, *cert denied* 490 US 1005). Although petitioner contends that certain of his duties as an excise tax examiner are similar to the duties of those officers included in the System, it is also clear from the record that in other aspects, particularly those involved with the enforcement of the State's general criminal laws, petitioner's duties are more limited, which provides a rational basis for the classification.

Mercure, J. P., White, Weiss and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.