■ In the Matter of DANIEL A. DE DEO, as Administrator of the Estate of DANIEL A. DE DEO, SR., Deceased, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, et al., Respondents. [680 NYS2d 131] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application to change the retirement option of his deceased father.

Petitioner, in his capacity as administrator of the estate of his father (hereinafter decedent), challenges respondent Comptroller's determination finding that decedent's postdeath retirement benefits were properly payable to Loretta F. Barrows, also known as Loretta F. De Deo, as decedent's last designated beneficiary inasmuch as such designation was timely. Based upon our review of the record, we conclude that substantial evidence supports the determination (*see, Matter of Cummings v New York State & Local Employees' Retirement Sys.*, 187 AD2d 862, *appeal dismissed* 81 NY2d 834) and accordingly confirm.

The record discloses that one day prior to his effective retirement date of October 29, 1991, decedent, a member of respondent New York State and Local Employees' Retirement System, requested estimates regarding his retirement benefit options. Thereafter, on December 19, 1991, decedent filed a "Retirement Option Election Form" selecting "Pop-Up Joint Allowance-

Half" as his retirement option and naming "Loretta F. De Deo", "spouse", as his sole beneficiary. While a member of the Retirement System normally must designate a beneficiary before the last day of the month in which he or she retires (*see*, Retirement and Social Security Law § 90 [c] [1], [2]), the Comptroller has the discretion to extend the time for the election of an option for reasonable cause for 60 days immediately after the effective date of a member's retirement (*see*, Retirement and Social Security Law § 90 [bb]; *see also*, *Matter of Clifford v New York State Empls. Retirement Sys.*, 123 AD2d 1). Here, inasmuch as decedent did not receive information regarding his retirement option estimates until after the effective date of his retirement, reasonable cause existed to extend decedent's time in which to select a retirement benefit option (*see generally*, *Matter of Clifford v New York State Empls. Retirement Sys.*, *supra*).

Finally, notwithstanding the fact that Barrows was not decedent's spouse, the record discloses that Barrows had legally assumed decedent's last name and that it was her birth date which decedent had provided to the Retirement System when asking for retirement option estimates. The Comptrollers's determination that Barrows was the proper beneficiary is accordingly supported by substantial evidence (*see, e.g.*, *Matter of Nisnewitz v Regan*, 207 AD2d 605, *lv denied* 84 NY2d 812).

White, J. P., Peters, Spain, Carpinello and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.