■ In the Matter of FINCH, PRUYN & COMPANY, INC., Appellant, v BARBARA KEARNS, as Superintendent of Newcomb Central School District, et al., Respondents. [722 NYS2d 838] —Spain, J. Appeal from a judgment of the Supreme Court (Dawson, J.), entered July 17, 2000 in Essex County, which, *inter alia*, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Newcomb Central School District approving expenditures for capital improvements.

This proceeding arises out of a proposal by the Board of Education of respondent Newcomb Central School District to undertake a $3.34 million capital improvement project, including over $1 million for the construction of a heated swimming pool. In 1999, the voters of respondent Town of Newcomb in Essex County approved the proposal. Since 1990, the Town has utilized RPTL article 19 and implemented a two-tiered system of real property taxation that differentiates between "homestead" property and "non-homestead" property (hereinafter the Homestead Law). Pursuant to the Town's most recent property tax adjustments, approximately 5% of the real property taxes collected by the Town are levied upon homestead property and the remaining 95% are levied upon non-homestead property. Petitioner, a non-homestead property owner in the Town, did not initiate a proceeding challenging this tax allocation.

Instead, in February 2000, petitioner commenced this proceeding challenging the School District's decision to approve the construction of the swimming pool. Supreme Court dismissed petitioner's first three causes of action because they were pending before the Commissioner of Education (*see*, Education Law § 2037). The court also dismissed petitioner's final cause of action, which alleged that respondents had unconstitutionally exploited the Town's decision to utilize RPTL article 19 and that the Board's action was unconstitutional as applied to petitioner and other similarly situated owners of non-homestead property because they would be forced to pay a disproportionate share of the costs and expenses of the proposed pool. Supreme Court held that, as with petitioner's first three causes of action, the fourth cause of action fell within the Commissioner's exclusive jurisdiction pursuant to Education Law § 2037. By its brief, petitioner appeals only from the dismissal of its fourth cause of action.*

We affirm. Petitioner concedes that the Commissioner generally has exclusive original jurisdiction over the type of claim at issue here (*see*, Education Law § 2037; *Matter of Schulz v State of New York*, 86 NY2d 225, 231, *cert denied* 516 US 944), but argues that its claim falls under the exception permitting a court to exercise original jurisdiction over a constitutional claim where the facts are undisputed (*see*, *Matter of Between the Bread II v Urbach*, 234 AD2d 724). Notably, the exception upon which petitioner relies applies only to facial challenges to the constitutionality of a statute (*see*, *Matter of Tennessee Gas Pipeline Co. v Urbach*, 269 AD2d 19, 21). Petitioner, however, is not challenging the facial validity of any law. Instead, what the petition alleges in the fourth cause of action is that the Homestead Law and RPTL article 19 are unconstitutional "as applied by the School District to the [p]etitioner."

In any event, "[a] constitutional claim that may require the resolution of factual issues reviewable at the administrative level should initially be addressed to the administrative agency having responsibility so that the necessary factual record can be established" (*Matter of Schulz v State of New York*, *supra*, at 232). The thrust of petitioner's arguments center around the proposition that the cost of the pool is extravagant and imposes an unreasonable burden on petitioner and other non-homestead taxpayers which is not justified by any demonstrated educational or socioeconomic purpose. These factual issues—disputed

---

* Supreme Court also dismissed all causes of action against the Town because the petition did not seek any relief against it. Petitioner does not challenge that aspect of the court's decision.

by respondents—are in the exclusive province of the Commissioner.

Accordingly, we hold that Supreme Court's decision to dismiss petitioner's constitutional claim for failure to exhaust its administrative remedies was proper.

Cardona, P. J., Crew III, Peters and Carpinello, JJ., concur. Ordered that judgment is affirmed, without costs.