■ In the Matter of FINCH, PRUYN & COMPANY, INC., Appellant, v RICHARD P. MILLS, as Commissioner of Education of the State of New York, et al., Respondents. [745 NYS2d 628] —Spain, J.

On January 11, 2000, the voters of respondent Newcomb Central School District (hereinafter the district) approved a bond resolution authorizing the district to expend $3.34 million in capital improvements, including over $1 million for the construction of an indoor swimming pool. Petitioner is a corporation which owns approximately 52,965 acres of unimproved forest land located within the Town of Newcomb, Essex County, and the district. According to petitioner, it shoulders an unfairly disproportionate share of the expense of the proposed improvements by virtue of the Town's dual tax rate structure, authorized by RPTL article 19, which assesses 95% of property taxes to nonhomestead property owners. Petitioner did not challenge this tax rate structure.

In February 2000, petitioner filed an application with respondent Commissioner of Education seeking to set aside voter approval of the bond resolution on the ground that it was irrational and affected by errors of law. Simultaneously, petitioner commenced a CPLR article 78 proceeding asserting

the same causes of action alleged before the Commissioner, as well as the additional claim that the district unconstitutionally exploited the Town's decision to utilize RPTL article 19, thereby forcing petitioner and other nonhomestead property owners to pay a disproportionate share of the costs of the proposed improvements. Supreme Court dismissed the CPLR article 78 proceeding and, on petitioner's appeal challenging only the dismissal of its constitutional claim, this Court affirmed, holding that this claim fell within the exclusive jurisdiction of the Commissioner under Education Law § 2037 and, therefore, must initially be addressed to the administrative agency (*Matter of Finch, Pruyn & Co. v Kearns*, 282 AD2d 858, 859-860).

Thereafter, in January 2001, the Commissioner issued a determination on petitioner's administrative appeal, sustaining voter approval of the bond resolution. The Commissioner expressly rejected petitioner's request to amend its application to include the constitutional claim on the basis that the claim was untimely under 8 NYCRR 275.16, having been made more than 30 days after the performance of the act complained of. Petitioner then commenced the instant CPLR article 78 proceeding challenging the Commissioner's determination, alleging that it lacks a rational basis, is arbitrary and capricious and that the Commissioner abused its discretion in sustaining a resolution that unconstitutionally discriminates against nonresident property owners. Supreme Court upheld the Commissioner's determination and petitioner appeals.

We affirm. Where, as here, we are reviewing a determination rendered by the Commissioner pursuant to Education Law § 2037, "the proper standard is whether the determination [is] arbitrary, capricious or irrational" (*Matter of Crawmer v Mills*, 239 AD2d 844, 845, *appeal dismissed* 90 NY2d 934, *lv denied* 91 NY2d 804; *see, Matter of Davis v Commissioner of Educ. of State of N.Y.*, 189 AD2d 1046, 1047), and petitioner carries the burden of proof (*see, Matter of Brissette v Nyquist*, 59 AD2d 996, 996, *appeal dismissed* 44 NY2d 930). Relying on the statutory authority granting boards of education of school districts the power, subject to voter approval, to arrange for the construction of or improvements to school buildings (*see*, Education Law § 416 [1]; § 1709 [6]), the Commissioner found that the district acted within its authority in proposing the bond resolution and that its stated desire to, inter alia, improve the physical education curriculum and establish an interscholastic swim team were legitimate educational purposes.

We hold that petitioner failed to satisfy its burden of demon-

408

strating that the Commissioner acted irrationally in making such findings (*see, Matter of Crawmer v Mills, supra* at 845; *Matter of Brissette v Nyquist, supra* at 996). Petitioner's application to set aside the bond resolution was predicated on its factual assertion that the town is experiencing a continuing steady decline in population that will render the educational goals cited by the Commissioner impossible to achieve, yet petitioner failed to submit evidence at the administrative level to demonstrate such a trend (*see, Matter of Connor v Deer Park Union Free School Dist.*, 195 AD2d 216, 219). At best, petitioner's claim that the district is doomed for extinction and that the bond resolution will serve only to speed the way to such inevitable destruction is wholly speculative. Indeed, based on the record in this proceeding, it is just as possible that the anticipated capital improvements will attract new residents with families, thereby improving the socioeconomic viability of the district. Petitioner now attempts to supplement its proof by providing additional facts outside of the administrative record, which we will not consider (*see, Matter of Featherstone v Franco*, 95 NY2d 550, 554). In any event, the additional facts asserted fall short of establishing the grim picture that petitioner would paint of the district's future.

We previously held that petitioner's constitutional claim should have been addressed in the first instance before the Commissioner (*Matter of Finch, Pruyn & Co. v Kearns*, 282 AD2d 858, *supra*). As petitioner does not dispute that it failed to timely assert that claim before the Commissioner, Supreme Court correctly concluded that the claim should be dismissed.

We have considered petitioner's remaining arguments and find them unavailing.

Cardona, P.J., Mercure, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.