In the Matter of DAVID H. PEARLMAN, Respondent, v RICHARD P. MILLS, as Commissioner of Education of the State of New York, Appellant. [805 NYS2d 182]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered August 26, 2004 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent revoking petitioner's teaching certification without a hearing.

Petitioner commenced this CPLR article 78 proceeding to challenge respondent's determination denying petitioner a hearing as to his moral character before revoking his teaching and administrator certificates. 8 NYCRR 83.4 (a) contains a 30-day time limit within which a request for a hearing must be made, and petitioner's request was not served on respondent until the 31st day. As a result, petitioner's certificates were revoked, and respondent thereafter refused, without explanation, to grant petitioner's request for a hearing. Respondent now appeals from Supreme Court's grant of petitioner's application to annul his determination.

When reviewing a determination rendered by respondent, a

court's function is limited to determining whether it is arbitrary, capricious or irrational (*see Matter of Gaines v New York State Div. of Hous. & Community Renewal*, 90 NY2d 545, 548-549 [1997]). In this regard, respondent argues that his strict interpretation of the 30-day time limit was rational and that in the event his interpretation was misguided, the appropriate remedy is to remit the matter to respondent for a determination regarding the justification for petitioner's untimely request.

The regulation provides in part that "[i]f requested by the certified individual or applicant, in writing to the professional conduct officer within 30 days after receipt of said notice that a substantial question exists as to the individual's moral character, a hearing shall be held on the issue" (8 NYCRR 83.4 [a]). Respondent interprets this to create a 30-day statute of limitations which he lacks discretion to extend. We disagree. As respondent now concedes, the language of this regulation is arguably ambiguous since it fails to address the obligation of respondent to afford a hearing made by request outside of the 30-day period. Since time limits within which an agency must act are generally construed as discretionary unless express limits are imposed (*see Matter of Estate of Clifford v New York State Empls. Retirement Sys.*, 123 AD2d 1, 4 [1986]), we conclude that respondent's interpretation of the regulation is irrational and, therefore, not entitled to deference (*see Matter of Gaines v New York State Div. of Hous. & Community Renewal, supra* at 548-549). We hold that a late request for a hearing may be granted in the exercise of respondent's discretion, which must be exercised rationally and reasonably (*see generally Matter of Finch, Pruyn & Co. v Mills*, 297 AD2d 406, 407 [2002]; *Matter of Akshar v Mills*, 249 AD2d 786, 788 [1998], *lv dismissed* 92 NY2d 962 [1998]). Accordingly, the appropriate remedy is to remit the matter to respondent so he may exercise his discretion as to whether to grant petitioner's late request for a hearing under the facts and circumstances presented.

Crew III, J.P., Peters and Rose, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.