In the Matter of R.J. LAND, INC., Respondent, v TOWN OF MAMAKATING et al., Appellants. [937 NYS2d 711]—

Stein, J.

Initially, we concur with respondents that the instant proceeding was untimely. Town of Mamakating Code § 199-64 (G) provides that "[a]ny applicant who disputes any fee statement presented to him [or her] may bring a proceeding in the Supreme Court . . . pursuant to [CPLR article 78], within 30 days after presentation of such disputed fee statement." We disagree with Supreme Court's determination that the term "fee statement" is inapplicable to a bill for general building department fees, such as those charged by respondents here.[2] Although respondents did not provide a copy of the fee statement presented to petitioner, a reasonable inference may be drawn that such a statement was presented on or before March 17, 2010—the date on which petitioner paid the disputed fees—and petitioner has not denied respondents' assertion of that fact. Inasmuch as this proceeding was not commenced within 30 days of that date, it is time-barred.

In any event, we find the petition to be without merit. In reviewing respondents' determination, we may not substitute our judgment for theirs (see *Matter of Eastern Niagara Project Power Alliance v New York State Dept. of Envtl. Conservation*, 42 AD3d 857, 861 [2007]) or interfere with their interpretation of a relevant statute or regulation unless that interpretation is arbitrary and capricious and without a rational basis (see *Matter of Peckham v Calogero*, 12 NY3d 424, 431 [2009]). The burden is on petitioner to establish that respondents' interpretation of the Town of Mamakating Code was without sound basis in reason or without regard to the facts (see *Matter of Finch, Pruyn & Co. v Mills*, 297 AD2d 406, 407 [2002]).

Pursuant to the Town of Mamakating Code, every building permit issued by the building inspector in connection with a commercial building expires if the work authorized by the permit has not been completed within two years of the date of issuance; however, upon the expiration of such period, the building inspector has the discretion to renew the permit for an additional two-year period (see Town of Mamakating Code § 199-61 [F] [8]). As relevant here, respondents' fee schedule requires payment of a $200 application fee for an initial permit,

---

**2.** Notably, Town of Mamakating Code § 199-64 refers to both general and professional fees. Our reading of the plain language of the statute leads us to conclude that the provision deeming a voucher or other bill rendered to the Town for professional services to be a "fee statement in full compliance with this section" (Town of Mamakating Code § 199-64 [D]) merely indicates that such a voucher or bill shall be treated the same as a bill from the Town for general fees.

plus a fee based on cost of construction.[3] The fee schedule also sets forth separate fees for the renewal of a building permit prior to its expiration and for the reactivation of an expired permit. The former requires a payment of either $100 or $200, while the latter refers to the payment of a $100 application fee and a fee based on cost of construction. It is respondents' imposition of the cost-based fee that petitioner challenges.

Petitioner asserts that Grass should have charged only $100 or $200 for the renewal of their permits. In the alternative, petitioner argues that to reactivate the permits, respondents were authorized to impose either the $100 fee *or* the fee based on cost of construction, but not both. In our view, Grass' insistence on the payment of both fees to reactivate petitioner's expired building permits was rational given the plain language of the statute. Petitioner's building permits had long expired when it sought to renew and/or reactivate them.[4] Thus, even if Grass had the discretion to merely extend the permits, she did not abuse such discretion in refusing to do so. Nor can we say, viewing the fee schedule as a whole, that respondents' interpretation of the fee schedule as requiring payment of both the $100 fee and the fees based on cost of construction in order to reactivate the building permits was irrational, arbitrary or capricious.

The parties' remaining contentions have been reviewed and are either academic or without merit.

Spain, J.P., Lahtinen, Malone Jr. and Egan Jr., JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted the petition; petition dismissed; and, as so modified, affirmed.

3. It is undisputed that petitioner paid such fees when the initial permit applications were submitted.

4. The most recent permit expired in December 2007; the remaining permits expired between February 2001 and March 2006.