# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**42**

**CA 11-00831**

PRESENT: SCUDDER, P.J., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

WENDY JOHNSON, DANE V. JOHNSON AND DANIKA V.
JOHNSON, PLAINTIFFS-APPELLANTS,

V                                    MEMORANDUM AND ORDER

NEW YORK STATE AND LOCAL RETIREMENT SYSTEM,
OFFICE OF NEW YORK STATE COMPTROLLER, THOMAS P.
DINAPOLI, KIMBERLY LEONE-JOHNSON,
DEFENDANTS-RESPONDENTS,
ET AL., DEFENDANT.
(APPEAL NO. 2.)

---

HAGERTY & BRADY, BUFFALO (EDWIN P. HUNTER OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

LAW OFFICE OF RALPH C. LORIGO, WEST SENECA (RALPH C. LORIGO OF
COUNSEL), FOR DEFENDANT-RESPONDENT KIMBERLY LEONE-JOHNSON.

---

Appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered February 3, 2011. The order, upon reargument, amended a prior order by determining that decedent Dan Johnson's New York State Retirement Plan death benefit shall be paid in accordance with the final determination in the administrative appeal.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and plaintiffs' motion for summary judgment seeking to designate plaintiffs Dane V. Johnson and Danika V. Johnson as the joint irrevocable beneficiaries of the New York State Retirement Plan death benefit of Dan Johnson is granted.

Memorandum: Plaintiff Wendy Johnson and Dan Johnson (decedent) were divorced in 1998. During the divorce action, they executed a matrimonial settlement agreement, pursuant to which they were required to name their children, plaintiffs Dane V. Johnson and Danika V. Johnson (collectively, children), as "joint irrevocable designated beneficiaries" of, inter alia, the death benefits provided by their retirement plans. That agreement was subsequently incorporated but not merged into the judgment of divorce. In March 1998, shortly before executing the matrimonial settlement agreement, decedent had named his then girlfriend, defendant Kimberly Leone-Johnson (Leone), as a one-third beneficiary of his New York State Retirement Plan death benefit (hereafter, retirement plan death benefit) and each of his

children as a one-third beneficiary.  Leone was not removed as a beneficiary after the judgment of divorce was entered in May 1998 and, moreover, in June 1998 decedent purportedly designated Leone as the sole beneficiary of his retirement plan death benefit.

In July 2000 decedent and Leone executed a prenuptial agreement and were married.  Pursuant to that agreement, decedent and Leone expressly waived all rights and claims to each other's pensions and retirement plans.  In June 2006, decedent and Leone executed a separation agreement, which contained clauses that, inter alia, reaffirmed the pension and retirement plan waivers contained in the prenuptial agreement and mutually released and waived all rights that decedent and Leone had to each other's estate.  Decedent and Leone allegedly reconciled without divorcing just prior to decedent's death in October 2008.  No beneficiary changes were made to decedent's retirement plan death benefit after Leone was allegedly named the sole beneficiary in 1998.  After decedent died, however, defendant New York State and Local Retirement System (System) notified Leone that decedent's designation naming her as the sole beneficiary was invalid and that the System intended to disburse the death benefit to Leone and the children in accordance with decedent's March 1998 designation.

Plaintiffs commenced this action seeking, inter alia, to designate the children as the joint irrevocable beneficiaries of decedent's retirement plan death benefit in compliance with the matrimonial settlement agreement and to remove Leone as a beneficiary thereof.  They subsequently moved for, inter alia, summary judgment on the complaint, and Supreme Court determined that Leone and the children were each entitled to one-third of decedent's retirement plan death benefit.  The court thereafter granted Leone's motion for leave to reargue her opposition to plaintiffs' motion and, upon reargument, the court amended its prior order by, inter alia, providing that the retirement plan death benefit should be paid in the manner determined by the System in the pending administrative appeal.  In that appeal, Leone contends that the System erred in determining that the designation naming her as sole beneficiary was invalid.  We agree with plaintiffs that Leone was not entitled to any part of decedent's retirement plan death benefit, and we therefore reverse.

The matrimonial settlement agreement clearly required decedent to name the children as the "joint irrevocable designated beneficiaries" of his retirement plan death benefit.  As a result of that agreement, decedent was without authority to name any other person as a partial or sole beneficiary of such death benefit.  Moreover, any right to that benefit that Leone would have acquired by virtue of being married to decedent was waived by the prenuptial and separation agreements. The court erred in determining that Leone's waiver of her interest in the retirement plan death benefit was not "explicit, voluntary and made in good faith" (*Silber v Silber*, 99 NY2d 395, 404, *cert denied* 540 US 817).  The contention of Leone that decedent's obligation to name the children as beneficiaries of his retirement plan death benefit was solely to provide security for his child support obligation is contrary to a fair interpretation of the matrimonial settlement agreement.  We reject Leone's further contention that her

separation agreement with decedent became void when they allegedly reconciled prior to his death. By its terms, the separation agreement could only be canceled in writing.

Pursuant to Retirement and Social Security Law § 803-a, "the comptroller is hereby authorized . . . to change or correct . . . [a] beneficiary consistent with a subsequent order by a court of competent jurisdiction . . . ." We reject Leone's contention that the statute does not apply because it was not enacted until after Wendy Johnson and decedent divorced. Plaintiffs' action against Leone is not dependant on the existence of that statute. Rather, section 803-a merely eliminated the need for the Legislature to pass a specific bill with respect to each case to achieve the same result (*see* Bill Jacket, L 1999, ch 300, at 4-5).

Entered: March 16, 2012                    Frances E. Cafarell
                                           Clerk of the Court