Devine, J.
 

 Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner’s application for accidental and performance of duty disability retirement benefits.
 

 In January 2013, petitioner, a Suffolk County park police officer, applied for performance of duty and accidental disability retirement benefits with the New York State and Local Police & Fire Retirement System (hereinafter PFRS), alleging that he was permanently incapacitated from performing his job duties as the result of a work-related injury. The application was initially denied on the ground that petitioner was not a member of PFRS. Petitioner requested a redetermination and, following a hearing, the Hearing Officer upheld the denials for the same reason. Respondent adopted the Hearing Officer’s decision, and this CPLR article 78 proceeding ensued.
 

 We confirm. “[Respondent] has exclusive authority to determine all applications for retirement benefits and the determination must be upheld if the interpretation of the controlling retirement statute is reasonable and the underlying factual findings are supported by substantial evidence” (Matter of O’Brien v DiNapoli, 116 AD3d 1124, 1125 [2014] [internal quotation marks, brackets and citation omitted], lv granted 23 NY3d 908 [2014]; accord Matter of Brandt v DiNapoli, 126 AD3d 1165, 1166 [2015], lv denied 26 NY3d 904 [2015]). Here, respondent determined that petitioner was a member of the New York State and Local Employees’ Retirement System (hereinafter ERS), pursuant to Retirement and Social Security Law § 89-r, and was therefore ineligible to receive retirement benefits under PFRS. In 1996, the Legislature enacted Retirement and Social Security Law § 89-r under article 2 of the Retirement and Social Security Law, which governs ERS (see Retirement and Social Security Law §§ 10, 89-r). The statute was enacted for the purpose of establishing a 25-year retirement plan for individuals employed as Suffolk County park police officers (see Senate Introducer Mem in Support, Bill Jacket, L 1996, ch 605 at 8).
 
 *
 
 Notably, petitioner registered as a member of ERS when he began his employment as a Suffolk County park police officer in 2003, and he believed that he contributed a certain percentage of his paychecks to ERS during his employment.
 

 In contrast, PFRS is “a separate retirement system for police [ ] and fire [fighters]” governed by article 8 of the Retirement and Social Security Law (see Retirement and Social Security Law § 292) that includes a 20-year retirement plan for members of the Suffolk County police department (see Retirement and Social Security Law § 387-a). Although eligibility in this plan also included other law enforcement officers in Suffolk County (see Retirement and Social Security Law § 387-a [a] [2], [3]), Suffolk County park police officers are not listed and are instead covered by Retirement and Social Security Law § 89-r. In light of the foregoing, respondent’s determination that petitioner was a member of ERS rather than PFRS was not “irrational, unreasonable or contrary to the statutory language” (Matter of Sush v New York State Teachers’ Retirement Sys., 2 AD3d 1127, 1129 [2003]; see Retirement and Social Security Law §§ 89-r, 387-a).
 

 Petitioner argues that respondent should have found that he was a member of PFRS because his job duties satisfied the definition of a police officer under Civil Service Law § 58 and he was a member of an organized police force (see Matter of LaMore v Regan, 205 AD2d 1023, 1023 [1994]). However, inasmuch as the Legislature specifically categorized Suffolk County park police officers as members of ERS, respondent lacked authority to do otherwise (see Matter of Morrissey v New York State Employees’ Retirement Sys., 298 NY 442, 449-450 [1949]; Matter of O’Brien v DiNapoli, 116 AD3d at 1126; Matter of Brei v Regan, 89 AD2d 1060, 1061 [1982]). Petitioner’s remaining contentions have been considered and found to be without merit.
 

 McCarthy, J.P., Egan Jr., Lynch and Pritzker, JJ., concur.
 

 Adjudged that the determination is confirmed, without costs, and petition dismissed.
 

 *
 

 The statute initially referenced Suffolk County park rangers, but that reference was changed to Suffolk County park police officers in 2001 (see Retirement and Social Security Law § 89-r, as amended by L 2001, ch 504, §D.