Matter of Whitfield v Avent (2021 NY Slip Op 01308)





Matter of Whitfield v Avent


2021 NY Slip Op 01308


Decided on March 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 4, 2021

531710

[*1]In the Matter of Sharon Whitfield, Petitioner,
v
Tracey Avent, Formerly Known as Tracey Whitfield, Respondent, and Colleen C. Gardner, as Executive Deputy Comptroller, et al., Respondents.

Calendar Date: January 7, 2021

Before: Garry, P.J., Egan Jr., Lynch, Clark and Reynolds Fitzgerald, JJ.


Webster Szanyi LLP, Buffalo (Andrew O. Miller of counsel), for petitioner.
Letitia James, Attorney General, Albany (Beezly J. Kiernan of counsel), for Colleen C. Gardner and another, respondents.



Clark, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Executive Deputy Comptroller denying petitioner's application to be designated the option beneficiary of Michael Whitfield's postretirement death benefits.
In February 2007, Michael Whitfield (hereinafter decedent), a member of respondent New York State and Local Retirement System, submitted an application for performance of duty disability retirement benefits in which he elected to receive benefits under the single life allowance option — a benefit option that pays benefits only during the member's lifetime and does not include the payment of any postretirement death benefits (see Retirement and Social Security Law § 390 [a]). While decedent's application was pending, petitioner commenced an action to divorce him. As a result, in September 2008, Supreme Court (Rosa, J.) entered an automatic order directing petitioner and decedent to "refrain from applying for or requesting the payment of retirement benefits" and prohibiting them from changing the "beneficiary designation" on their respective accounts. Thereafter, by letter dated February 17, 2009, the Retirement System notified decedent that his application for performance of duty disability retirement benefits had been approved and that he had until April 7, 2009 to change his benefit option selection. Decedent thereafter submitted an option selection form to the Retirement System in which he elected to receive benefits under the joint allowance full option — a benefit option that pays a reduced benefit to the member during his or her lifetime and to a beneficiary upon the member's death (see Retirement and Social Security Law § 390 [a]). Decedent named his sister, respondent Tracey Avent, as his option beneficiary. In a June 2009 letter, the Retirement System confirmed decedent's option selection and beneficiary designation and indicated that his beneficiary could not be changed.
In April 2010, petitioner and decedent entered into a separation and property settlement agreement, in which they agreed that petitioner would receive a portion of decedent's retirement benefits and that she would be designated as the "beneficiary of any postretirement death benefit." The terms of the agreement were subsequently incorporated, but not merged, into a judgment of divorce. Petitioner thereafter submitted to the Retirement System a July 2012 domestic relations order that, among other things, directed the Retirement System to pay petitioner a portion of decedent's lifetime benefits and to designate petitioner as his beneficiary.[FN1] A few months later, the Retirement System notified petitioner that she would begin receiving her share of decedent's lifetime benefits upon proof of divorce, but that decedent's option beneficiary designation could not be modified because the deadline to revoke the designation had long passed. Decedent subsequently [*2]passed away in March 2013.
Roughly 2½ years later, by letter dated November 13, 2015, petitioner asserted that the Retirement System was legally obligated to name her as decedent's option beneficiary and requested that the Retirement System effectuate the required change in beneficiary. In support of her request, petitioner attached the July 2012 domestic relations order, as well as a July 2012 contempt order, both of which directed the Retirement System to designate petitioner as decedent's beneficiary. The Retirement System denied the request, once again stating that decedent's option beneficiary selection had become irrevocable. Petitioner requested a hearing and redetermination. Following that hearing, a Hearing Officer granted petitioner's application to be designated as decedent's option beneficiary. However, upon administrative appeal, respondent Executive Deputy Comptroller reversed the Hearing Officer's determination and denied petitioner's application. This CPLR article 78 proceeding ensued.
We confirm. There can be no dispute that, under Retirement and Social Security Law § 390, the deadline to change decedent's option beneficiary designation passed in 2009 (see Retirement and Social Security Law § 390 [b], [bb], [e]). Thus, the beneficiary of decedent's postretirement death benefits could be changed only if the requirements of the limited exception set forth in Retirement and Social Security Law §
803-a were met. As relevant here, that provision provides: "Notwithstanding any other provision of law, rule or regulation to the contrary, if, pursuant to a settlement agreement or court order arising out of a matrimonial . . . action, a member . . . or retiree agrees or is ordered to select or change a retirement option or beneficiary and such member or retiree fails to comply with such agreement or order, the comptroller is hereby authorized, at his or her discretion, to change or correct such retirement option or beneficiary consistent with a subsequent order by a court of competent jurisdiction directing the member or retiree to comply with the original agreement or order" (Retirement and Social Security Law § 803-a [emphasis added]).
We agree with the Executive Deputy Comptroller that, in order to trigger the exception in Retirement and Social Security Law § 803-a, an agreement or order directing a member or retiree "to select or change a retirement option or beneficiary" must be in existence before the statutory deadline to change the option and beneficiary expires. Such interpretation is evident from the plain language of the statute, as a retiree can only comply with an agreement or order "to select or change a retirement option or beneficiary" if the time in which to do so has not yet expired. Although we need look no further than the statutory language (see e.g. Matter of Walsh v New York State Comptroller, 34 NY3d 520, 524 [2019]), a review of the relevant legislative history confirms such interpretation (see Bill [*3]Jacket, L 1999, ch 300).
Prior to the expiration of the statutory deadline, decedent and petitioner had not yet entered into their settlement agreement and the only court order that had been entered in the divorce action was the automatic order directing the parties to "refrain from applying for or requesting the payment of retirement benefits" and prohibiting them from changing the "beneficiary designation" on their respective accounts. Such automatic order did not require decedent "to select or change a retirement option or beneficiary," as required by Retirement and Social Security Law § 803-a. As such, the automatic order did not trigger the application of Retirement and Social Security Law § 803-a.
Furthermore, contrary to petitioner's assertions, the automatic order did not deprive decedent of the authority to change his retirement option and to select, for the first time, the beneficiary of his postretirement death benefits. Indeed, at the time the automatic order was entered, decedent had already applied for performance of duty disability retirement benefits; once his application was approved, he had a set amount of time to change his retirement option before payments would disburse under the single life allowance option, which does not pay postretirement death benefits. Decedent changed his option to the joint allowance full option and then, for the first time, selected the beneficiary of his postretirement death benefits. Decedent's actions in this regard were not prohibited by the terms of the automatic order (compare Johnson v New York State & Local Retirement Sys., 93 AD3d 1148, 1149 [2012]).
In short, inasmuch as decedent's beneficiary designation became irrevocable in 2009 (see Retirement and Social Security Law § 390 [b], [bb], [e]) and the limited exception contained in Retirement and Social Security Law § 803-a is inapplicable, we agree with the Executive Deputy Comptroller that she was without authority to change the beneficiary of decedent's postretirement death benefits (see generally Matter of O'Brien v DiNapoli, 116 AD3d 1124, 1126 [2014]). Accordingly, we discern no basis upon which to disturb the Executive Deputy Comptroller's determination to deny petitioner's application to be designated as the beneficiary of decedent's postdeath retirement benefits. To the extent that we have not expressly addressed any of petitioner's arguments, they have been reviewed and found to be lacking in merit.
Garry, P.J., Egan Jr., Lynch and Reynolds Fitzgerald, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: Petitioner had previously submitted a January 2011 domestic relations order and a June 2011 domestic relations order to the Retirement System. The Retirement System stated that it could not administer the January 2011 domestic relations order because decedent's option beneficiary had become irrevocable and that it could not administer the June 2011 domestic relations order due to an error in the order.