Matter of Lawrence v New York State & Local Retirement Sys. (2024 NY Slip Op 01214)

Matter of Lawrence v New York State & Local Retirement Sys.

2024 NY Slip Op 01214

Decided on March 7, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 7, 2024

535948
[*1]In the Matter of Sara Lawrence, Petitioner,
v
New York State and Local Retirement System, Respondent.

Calendar Date:January 16, 2024

Before:Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and McShan, JJ.

Sara Lawrence, Tarrytown, petitioner pro se.
Letitia James, Attorney General, Albany (Sean P. Mix of counsel), for respondent.

McShan, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Executive Deputy Comptroller denying petitioner's application for continued pension benefits.
In December 1997, petitioner and Albert Lawrence (hereinafter decedent), a member of respondent, were divorced by judgment of divorce that incorporated, but did not merge, a stipulation of settlement agreement (hereinafter the agreement) entered into by petitioner and decedent in August 1997. As relevant here, article 10 of the agreement, which addressed the terms of distribution of decedent's pension plan administered by respondent, required decedent to remit 35% of his pension payments to petitioner on a monthly basis and "select a payout option providing survivor's benefits, naming [petitioner] as the beneficiary" (see Retirement and Social Security Law § 90 [a]). In 1998, Supreme Court (Nicolai, J.), issued a domestic relations order (hereinafter DRO) distributing decedent's pension benefits pursuant to article 10 of the agreement. In addition to directing decedent to designate petitioner as the "alternate payee" and to pay petitioner 35% of his "maximum monthly retirement allowance," the DRO also directed decedent to designate petitioner as a beneficiary for survivor benefits so that, "in the event [decedent] dies prior to retirement, [petitioner] shall receive her pro-rata share of any survivor benefits." The DRO, however, did not specify which retirement option decedent was required to select for the payment of benefits.
In July 2007, decedent filed an application for service retirement and retired on August 22, 2007. On his retirement option election form, decedent selected "Joint Allowance-Full" (Retirement and Social Security Law § 90 [a]) and designated his then-current spouse as his retirement payment option beneficiary.[FN1] On June 2, 2008, respondent informed decedent by letter that the final calculation of his retirement allowance had been completed, that his beneficiary designation could not be changed and that the DRO required distribution to petitioner as an alternate payee. On that same date, respondent also informed petitioner by letter that she would receive 35% of decedent's retirement pension payments in accordance with the DRO. In November 2014, decedent's spouse — the designated option beneficiary — died, and, on December 25, 2017, decedent died, resulting in the cessation of payments to petitioner due to decedent's death. Petitioner objected, and respondent denied her request for continued benefits in a final agency determination. Following a hearing to review respondent's determination, a Hearing Officer again denied petitioner's request, finding that decedent's option beneficiary selection had become irrevocable on October 1, 2007 and that, although Retirement and Social Security Law § 803-a permits the Comptroller to change a retirement option if the election was made in violation [*2]of a preexisting settlement agreement or DRO, no court order directing such change was ever issued pursuant to Retirement and Social Security Law § 803-a and/or received by respondent. The Hearing Officer further found that, even if a court order had issued, "the language of the pre-existing settlement agreement and DRO was insufficient to permit a change of [decedent's] election." Upon administrative appeal, the Executive Deputy Comptroller accepted the findings of the Hearing Officer and denied petitioner's application. This CPLR article 78 proceeding ensued.
We confirm. Initially, there can be no dispute that, under Retirement and Social Security Law § 390, the deadline to change decedent's option beneficiary designation passed in 2007 (see Retirement and Social Security Law § 390 [b], [bb], [e]; Matter of Whitfield v Avent, 192 AD3d 1250, 1251 [3d Dept 2021]), making decedent's retirement option election and beneficiary designation irrevocable (see Retirement and Social Security Law §§ 90 [b], [e]; 100, 610). As such, "the beneficiary of decedent's postretirement death benefits could be changed only if the requirements of the limited exception set forth in Retirement and Social Security Law § 803-a were met" (Matter of Whitfield v Avent, 192 AD3d at 1252). As relevant here, that provision provides: "Notwithstanding any other provision of law, rule or regulation to the contrary, if, pursuant to a settlement agreement or court order arising out of a matrimonial . . . action, a member . . . or retiree agrees or is ordered to select or change a retirement option or beneficiary and such member or retiree fails to comply with such agreement or order, the [C]omptroller is hereby authorized, at his or her discretion, to change or correct such retirement option or beneficiary consistent with a subsequent order by a court of competent jurisdiction directing the member or retiree to comply with the original agreement or order" (Retirement and Social Security Law § 803-a [emphasis added]; see Johnson v New York State & Local Retirement Sys., 93 AD3d 1148, 1150 [4th Dept 2012]). "The necessity of [obtaining] a judicial order which provides specific direction to the Retirement System must be emphasized" (1990 Ops St Comp No. 90-54), as Retirement and Social Security Law § 803-a provides an exception to the well-settled rule that a member's pension benefits or retirement allowance in the retirement system is not subject to, among other things, "execution, garnishment, attachment, or any other process whatsoever . . . [and is] unassignable" (Retirement and Social Security Law § 110; see NY Const, art V, § 7 [a]; Matter of New York State Off. of Victim Servs. v Raucci, 20 NY3d 1049, 1051 [2013]; 1990 Ops St Comp No. 90-54).
Even if petitioner's interpretation of the relevant language contained in the agreement and DRO is correct and that she therefore should have been named as decedent's beneficiary for receipt of postretirement survivor benefits, the record [*3]demonstrates, as the Hearing Officer found, that petitioner failed to obtain a subsequent court order directing decedent to comply with her interpretation of the operative terms of the agreement and/or DRO. Inasmuch as decedent's beneficiary designation became irrevocable in 2007 (see Retirement and Social Security Law § 390 [b], [bb], [e]), and the limited exception contained in Retirement and Social Security Law § 803-a is inapplicable here, we agree with the Executive Deputy Comptroller that she was without authority to change the beneficiary of decedent's postretirement survivor benefits (see Matter of Whitfield v Avent, 192 AD3d at 1253; 1990 Ops St Comp No. 90-54). Accordingly, we discern no basis upon which to disturb the determination denying petitioner's application. In light of our determination, petitioner's remaining arguments are academic.
Garry, P.J., Egan Jr., Aarons and Reynolds Fitzgerald, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: By selecting this option, upon decedent's death, "a retirement allowance in an amount equal to that paid to him" would be payable for life to his then-spouse (Retirement and Social Security Law § 90 [a]).