Matter of Lurry-Carter v New York State & Local Retirement Sys.

2026 NY Slip Op 02182

April 9, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Cynthia Lurry-Carter, Petitioner,

v

New York State and Local Retirement System et al., Respondents.

Decided and Entered:April 9, 2026

CV-24-2021

Calendar Date: February 19, 2026

Before: Garry, P.J., Clark, Pritzker, Mcshan And Corcoran, JJ.

Rosenberg Law Firm, Brooklyn (Morgan Namian of counsel), for petitioner.

Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondents.

[*1]

Pritzker, J.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioner's application to change decedent's retirement option.

Petitioner is the widow of James Carter (hereinafter decedent), who was a member of respondent New York State and Local Retirement System. As he was preparing to retire in December 2020, decedent submitted a retirement option selection form to the Retirement System in which he checked the box for the joint allowance full option that would provide for a reduced retirement allowance that would continue to be paid to petitioner, his beneficiary, upon his death (see Retirement and Social Security Law §§ 600 [a]; 610 [a]). He scribbled out that checkmark and wrote "mistake" next to it, however, and checked the box electing to receive retirement benefits under the single life allowance option, "a benefit option that pays benefits only during the member's lifetime and does not include the payment of any postretirement death benefits" (Matter of Whitfield v Avent, 192 AD3d 1250, 1250 [3d Dept 2021]; see Retirement and Social Security Law § 610 [a]). The form was deemed filed when received by the Retirement System on January 19, 2021 (see 2 NYCRR 341.3).

Decedent thereafter submitted an application for service retirement to the Retirement System that was filed on February 18, 2021. A few days later, he prepared, signed and had notarized a second retirement option election form in which he changed his election to the joint allowance full option and named petitioner as his beneficiary. Decedent was waiting for other requested paperwork to be completed before he submitted the form and, as a result, had not sent it in before he died unexpectedly from COVID pneumonia on February 27, 2021. Petitioner, who was required to obtain a death certificate for decedent and other information for the Retirement System, eventually submitted the second option form, and it was filed on June 3, 2021. By that point, however, the Retirement System had already processed the retirement application and notified petitioner that decedent's retirement had taken effect on February 19, 2021 and that he had selected the single life allowance option. Petitioner applied for a hearing and redetermination regarding the option selection and, following that hearing, a Hearing Officer determined that the second retirement option election form was properly rejected as untimely. Respondent Comptroller accepted the Hearing Officer's findings of fact and conclusions of law and denied petitioner's application, and this CPLR article 78 proceeding ensued.

"The Comptroller is vested with the exclusive authority to resolve applications for retirement benefits and the determination must be upheld if the interpretation of the controlling retirement statute is reasonable and the underlying factual findings are supported by substantial evidence" (Matter of Gallante [*2]v DiNapoli, 228 AD3d 1169, 1170 [3d Dept 2024] [internal quotation marks, brackets and citations omitted], lv denied 42 NY3d 909 [2024]; see Retirement and Social Security Law § 74 [b]; Matter of Leisten v McCall, 285 AD2d 897, 898 [3d Dept 2001], lv denied 97 NY2d 605 [2001]). Of note, "[w]here different inferences may be drawn from the proof presented, the determination is for [the Comptroller] to resolve" (Matter of Wilson v DiNapoli, 52 AD3d 931, 933 [3d Dept 2008]).

Here, the statutory language requires that a change in retirement option be filed "no later than [30] days following the date of payability of [the member's] retirement allowance" (Retirement and Social Security Law §§ 90 [e]; 610 [f]). The undisputed hearing evidence reflected that decedent's retirement became effective on February 19, 2021 and that retirement benefits would have been paid for the first time on March 1, 2021. As the statute makes clear that an option form would have to be filed no later than March 31, 2021 under those circumstances, the second retirement option form, which was filed on June 3, 2021, was untimely (see Retirement and Social Security Law § 610 [f]).

However, Retirement and Social Security Law § 90 (bb) (1) grants "the [C]omptroller, for reasonable cause, . . . [the] power to extend the time for the election of an option, for a period or periods which shall expire not later than [60] days immediately after the effective date of a member's retirement" (see Matter of De Deo v McCall, 255 AD2d 683, 684 [3d Dept 1998]). Indeed, at the hearing, one of the Retirement System's employees testified that, pursuant to Retirement and Social Security Law § 90 (bb) (1), "there appears to be authority by a comptroller to extend the time for the option election past that March 31[, 2021] date." This employee went on to testify that, pursuant to this subsection, the Comptroller "reserves up to 60 days to stretch that date out, and that would have been April 20[, 2021]," and thus the second retirement option form, received on June 3, 2021, would still be untimely. Relying on this testimony, the Hearing Officer determined that, even "[w]ith the additional time granted the [C]omptroller to extend the time to elect, that date would have been April 20[, 2021]."

To the extent preserved, petitioner contends that the Comptroller improperly disregarded the possibility that an extension longer than 60 days could be granted under the identical extension provision in Retirement and Social Security Law § 610 (d) (1). We agree. In Matter of Estate of Clifford v New York State Empls. Retirement Sys. (123 AD2d 1 [3d Dept 1986]), this Court affirmed the Comptroller's interpretation of the 60-day time limit on the extension provided by Retirement and Social Security Law § 90 (bb) (1) as discretionary, rather than mandatory, given that the statute "does not expressly limit the authority of the Comptroller to act after the time period in question" (id. at 4). In fact, this Court held [*3]that the Comptroller's interpretation that the extension can exceed 60 days "fosters sound policy and in most cases works to the benefit of a retiree" (id.). Thus, the Comptroller's interpretation of the statutory language here as limiting any extension to 60 days, specifically April 20, 2021, "is irrational and, therefore, not entitled to deference" (Matter of Pearlman v Mills, 24 AD3d 837, 838 [3d Dept 2005]; compare Matter of John v Regan, 139 AD2d 827, 828 [3d Dept 1988]). Accordingly, the appropriate remedy is to remit the matter to the Comptroller for a determination as to whether, under the circumstances presented here, reasonable cause exists to extend the time for petitioner to file the second retirement option form, which this Court holds can be extended, at the Comptroller's discretion, beyond the 60-day limit set forth in Retirement and Social Security Law §§ 90 (bb) (1) and 610 (d) (1) (see Matter of Estate of Clifford v New York State Empls. Retirement Sys., 123 AD2d at 4-5; see generally Matter of Pearlman v Mills, 24 AD3d at 838; Matter of De Deo v McCall, 255 AD2d at 684). Given this determination, we need not reach petitioner's remaining assertions.

Garry, P.J., Clark, McShan and Corcoran, JJ., concur.

ADJUDGED that the determination is annulled, without costs, petition granted, and matter remitted to respondents for further proceedings not inconsistent with this Court's decision.