■ In the Matter of ROBERT R. GREENBERG, Petitioner, v JAMES WRYNN, as Superintendent of Insurance, New York State Insurance Department, Respondent. [926 NYS2d 289]—

The denial of petitioner's applications is supported by substantial evidence. The certificate of good conduct he received from the Division of Parole does not establish prima facie his entitlement to a license, but merely creates a presumption of rehabilitation. Moreover, the certificate is only one of eight factors to be considered pursuant to Correction Law § 753, and we find that respondent considered and properly balanced all the factors (*see Matter of Arrocha v Board of Educ. of City of N.Y.*, 93 NY2d 361, 365 [1999]; *Matter of Bonacorsa v Van Lindt*, 71 NY2d 605 [1988]).

In petitioner's favor are the public policy of this state to encourage the licensure of persons convicted of criminal offenses, the 16-year lapse of time since the occurrence of his criminal offenses, and evidence of his rehabilitation and recent good conduct (Correction Law § 753 [1] [a], [d], [g]). Weighing against these factors, however, are petitioner's mature age at the time of the offenses, the seriousness of the offenses, the fact that the public adjuster's license petitioner now seeks is the very same

license that aided him in his offenses, and respondent's legitimate interest in protecting the general public (Correction Law § 753 [1] [b], [c], [e], [f], [h]).

There is no basis for disturbing the determination of the hearing officer that petitioner was "[not] sufficiently or convincingly contrite about his extensive wrongdoing" (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987]). Nor, contrary to petitioner's contention, do we find that respondent violated its procedural rules.

We have reviewed petitioner's remaining contentions and find them without merit. Concur—Mazzarelli, J.P., Catterson, DeGrasse, Abdus-Salaam and Román, JJ.