Matter of Levy v New York State Educ. Dept. (2019 NY Slip Op 03865)





Matter of Levy v New York State Educ. Dept.


2019 NY Slip Op 03865


Decided on May 16, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 16, 2019

527123

[*1]In the Matter of ALLEN STEVEN LEVY, Petitioner,
v
NEW YORK STATE EDUCATION DEPARTMENT et al., Respondents.

Calendar Date: March 28, 2019

Before: Garry, P.J., Egan Jr., Lynch, Clark and Aarons, JJ.


Carter, Conboy, Case, Blackmore, Maloney & Laird, PC, Albany (Gina T. Angrisano of counsel), for petitioner.
Letitia James, Attorney General, Albany (Kathleen M. Treasure of counsel), for respondents.



MEMORANDUM AND JUDGMENT
Lynch, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Education Department denying petitioner's application for licensure as a psychoanalyst.
Petitioner was licensed as a social worker in New York in 1984 and as a licensed clinical social worker (hereinafter LCSW) in New Jersey in 2000 and in Connecticut in 2001. He is currently only licensed as a LCSW in Connecticut, where he resides. In 2003, petitioner pleaded guilty in Rockland County Court to grand larceny in the third degree in full satisfaction of multiple charges pertaining to false billings submitted to a private insurance company during the period June 1999 to August 2001. He was sentenced to five years of probation and required to pay restitution of $4,622.28. His New York license was suspended for one year. In 2005, petitioner pleaded guilty, again in Rockland County Court, to two counts of grand larceny in the second degree, admitting that he filed false claims with the state and federal Medicaid programs in that, between March 1998 and December 2002, he had provided face-to-face treatment when, in fact, he had not. He was sentenced to five years of probation, six months in jail and ordered to pay $274,431.56 in restitution. After being charged with professional misconduct, he was allowed to surrender his New York license in November 2005. He retained his Connecticut LCSW license under supervision.
In December 2014, petitioner applied for a New York license as a psychoanalyst (see Education Law §§ 6507, 8405). Among the statutory criteria for a psychoanalyst license is that the applicant must "[b]e of good moral character" (Education Law § 8405 [3] [f]). The application was referred for a hearing before a three-member panel of respondent State Board of Mental Health Practitioners to address the issue of moral character (see 8 NYCRR subpart 28-1). [*2]Following testimony from petitioner and several witnesses on his behalf, the Hearing Panel determined that petitioner did not meet the moral character requirement and that the application should be denied. Upon appeal, respondent Committee on the Professions upheld the Hearing Panel's findings. Petitioner commenced this CPLR article 78 proceeding to set aside the determination, which Supreme Court transferred to this Court (see CPLR 7804 [g]).
"[T]he Legislature has vested respondent [Education Department and respondent Commissioner of Education], among others, with the responsibility to evaluate whether an applicant seeking professional licensure has demonstrated good moral character, and . . . the determination, made after an evidentiary hearing, will be upheld if supported by substantial evidence" (Matter of Barran v Department of Educ. of State of N.Y., 20 AD3d 752, 755 [2005] [internal citations omitted], lv denied 5 NY3d 713 [2005]). Under Correction Law § 752, a license application shall not "be denied or acted upon adversely by reason of the individual's having been previously convicted of one or more criminal offenses, or by reason of a finding of lack of 'good moral character' when such finding is based upon [the prior convictions], unless: (1) there is a direct relationship between one or more of the previous criminal offenses and the specific license . . . sought . . .; or (2) the issuance . . . of the license . . . would involve an unreasonable risk . . . to the safety or welfare of specific individuals or the general public." The parties agree this standard applies here. At issue is the Education Department's determination that both exceptions have been established, i.e., that there is a direct relationship between petitioner's convictions and the work of a psychoanalyst and that the issuance of a license to petitioner would present an unreasonable risk to the safety and welfare of the public.
Petitioner maintains that the Education Department failed to consider the specific factors outlined in Correction Law § 753 in making this determination, but our review of the record shows otherwise. The Education Department reasonably determined that petitioner's improper billing practices as an LCSW were directly relevant to the same responsibilities that he would have to his clients and the involved insurers as a licensed psychoanalyst. Although petitioner speaks to the past events as "billing irregularities," the misconduct pertained to misrepresenting the services actually provided and failing to maintain adequate treatment records. Contrary to petitioner's argument, maintaining "accurate patient records" is not a secondary aspect of a psychoanalyst's work. The Hearing Panel also commented that petitioner "demonstrated a lack of candor" in his testimony, indicating that "he has not fully accepted responsibility for his past actions." We defer to this credibility assessment. The Committee on the Professions expressed concern that petitioner did not pursue more formal rehabilitation and emphasized the vulnerability of patients who place their trust in a psychoanalyst (see Correction Law § 753 [1] [g]; Matter of Greenberg v Wrynn, 86 AD3d 437, 437-438 [2011]). Petitioner did receive a certificate of relief from disabilities for his first conviction (see Correction Law § 753 [2]) but, as the Hearing Panel noted, his other convictions came two years later (see Matter of Greenberg v Wrynn, 86 AD3d at 437; Matter of Wunderlich v New York State Educ. Dept., Comm. on the Professions, 82 AD3d 1345, 1347 [2011], lv denied 17 NY3d 715 [2011]). Given the above, we find that the determination denying petitioner's license application is supported by substantial evidence.
Garry, P.J., Egan Jr., Clark and Aarons, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.