Matter of Kernan v Emami (2021 NY Slip Op 01682)





Matter of Kernan v Emami


2021 NY Slip Op 01682


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


1225.1 TP 19-00870

[*1]IN THE MATTER OF JAMES M. KERNAN, ORISKA INSURANCE COMPANY AND ORISKA CORPORATION, PETITIONERS,
v
SHIRIN EMAMI, AS ACTING SUPERINTENDENT OF NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES, CHARLES ("BUZZ") SAWYER, CHRISTINE GRALTON, ET AL., RESPONDENTS. 






FRANK POLICELLI, UTICA, FOR PETITIONERS.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (BRIAN D. GINSBERG OF COUNSEL), FOR RESPONDENTS. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Oneida County [Patrick F. MacRae, J.], entered April 2, 2018) to review a determination that, inter alia, denied the application of petitioner James M. Kernan for consent to engage in the business of insurance. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the second amended petition is dismissed.
Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking review of a determination that denied the application of James M. Kernan (petitioner) for written consent to engage in the business of insurance pursuant to 18 USC § 1033 (e) (2) and that found petitioner in violation of Insurance Law § 1506 (c) (1) (A). Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804 (g).
Contrary to petitioners' contention, we conclude that there is substantial evidence supporting the determination that petitioner violated Insurance Law § 1506 (c) (1) (A) and was not entitled to consent to engage in the business of insurance pursuant to 18 USC
§ 1033 (e) (2) inasmuch as petitioner has demonstrated untrustworthiness as a controlling person of petitioner Oriska Insurance Company (Oriska) (see generally Matter of B.P. Global Funds, Inc. v New York State Liq. Auth., 169 AD3d 1506, 1506-1507 [4th Dept 2019]; Matter of Nichols v New York State Dept. of Fin. Servs., 148 AD3d 1400, 1403-1405 [3d Dept 2017]; Matter of Greenberg v Wrynn, 86 AD3d 437, 437-438 [1st Dept 2011]). Most notably, the record supports the determination of the then-Superintendent of the New York State Department of Financial Services (DFS) that petitioner never actually divested his ownership interest in Oriska at any point during the period relevant to this case via voting trust or any other means despite being directed to do so by the New York State Insurance Department and representing that he would do so to the United States District Court for the Northern District of New York pursuant to his guilty plea of violating 18 USC § 1033 (e) (1) (B) (see generally Matter of Kernan, 73 AD3d 219, 220 [4th Dept 2010]).
We reject petitioners' further contention that DFS had no authority to prohibit petitioner from providing legal and engineering services to Oriska (see Insurance Law § 1506 [c] [2]). Here, DFS directed petitioner that he "shall not serve in any capacity at Oriska . . . , including but not limited to providing legal or engineering services, or insurance agency services, personally or by any member of his family, directly or indirectly, to Oriska." We conclude that the penalty here is appropriate and consistent with DFS's authority given the facts and circumstances of this [*2]case, including DFS's authority "to take appropriate action to cure [the] violation" (id.); petitioner's persistent refusal to divest his ownership interest in Oriska; the legitimate concern that, even if petitioner finally divested, he still might attempt to exert control over Oriska through other means; and DFS's duty to prevent a recurrence (see generally Matter of McKie v Corcoran, 162 AD2d 535, 537 [2d Dept 1990], lv denied 76 NY2d 714 [1990]).
We have reviewed petitioners' remaining contentions and conclude that none warrants a different result.
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court