Matter of Kernan

2026 NY Slip Op 02764

May 1, 2026

Appellate Division, Fourth Department

Opinion And Order

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

MATTER OF JAMES MATTHEW KERNAN, A SUSPENDED ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, PETITIONER.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on May 1, 2026

-

Present: Curran, J.P., Bannister, Montour, And Hannah, JJ. (Filed May 1, 2026.)

[*1]

OPINION AND ORDER

Final order of disbarment entered.

Per Curiam

Opinion: Respondent was admitted to the practice of law by this Court on February 22, 1977. By order entered February 19, 2026, this Court granted the Grievance Committee's motion for an order, pursuant to 22 NYCRR 1240.9 (a), suspending respondent on an interim basis for misconduct underlying several orders of discipline issued by certain federal courts in 2024 and 2025. Our order also directed respondent to show cause, pursuant to 22 NYCRR 1240.13 (a), why a final order of reciprocal discipline should not be imposed based on that misconduct.

The misconduct at issue is primarily set forth in an order of the Committee on Grievances of the United States District Court for the Southern District of New York (Southern District), issued on March 25, 2024, which found that respondent filed several cases in the United States District Court for the Southern District of New York without having been admitted to practice law before that Court. The Southern District also found that, on several occasions thereafter, respondent made false statements to a District Court Judge regarding his admission status. After respondent was afforded an opportunity to submit matters in mitigation, the Southern District issued an order on June 23, 2025, prohibiting respondent from practicing law before that Court. The United States Court of Appeals for the Second Circuit issued a reciprocal order of suspension on September 18, 2025. The Grievance Committee also advised this Court that, on May 15, 2024, the United States District Court for the Eastern District of New York issued an order suspending respondent from the practice of law before that Court.

Pursuant to 22 NYCRR 1240.13 (c), an attorney disciplined in another jurisdiction may be disciplined by this Court for the underlying misconduct unless we find "that the procedure in the foreign jurisdiction deprived the respondent of due process of law, that there was insufficient proof that the respondent committed the misconduct, or that the imposition of discipline would be unjust."

In this case, we conclude that respondent's submissions to this Court in response to the show cause order fail to raise any factor that would preclude the imposition of reciprocal discipline based on the aforementioned federal court orders.

In determining an appropriate sanction, we have considered respondent's submission in mitigation, including his statement that his unauthorized practice of law in the United States District Court for the Southern District of New York was inadvertent and caused by confusion regarding his admission status. We have also considered various factors in aggravation, such as respondent's relatively extensive disciplinary history, which includes the aforementioned federal court orders and a five-year suspension imposed by this Court in 2010 based on respondent's conviction of knowingly employing a convicted felon in the business of insurance, a federal felony (Matter of Kernan, 73 AD3d 219, 220 [4th Dept 2010]). We also agree with the Southern District's finding that respondent has demonstrated "a continued disregard for his professional obligations" based on, inter alia, his felony conviction, the discipline previously imposed by this Court and various federal courts, and a determination by the New York State Department of Financial Services finding that, following his conviction, respondent violated Insurance Law § 1506 (c) (1) (A) inasmuch as he "demonstrated untrustworthiness as a controlling person" of Oriska Insurance Company (Kernan v Emami, 192 AD3d 1629, 1629 [4th Dept 2021], lv denied 37 NY3d 908 [2021]).

Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be disbarred.